1   BRIAN P. BROOKS (S.B. #172151)
    bbrooks@omm.com
2   ELIZABETH LEMOND MCKEEN
    (S.B. #216690) emckeen@omm.com
3   JILLIAN B. ALLEN (S.B. #239197)
    jallen@omm.com
4   O'MELVENY & MYERS LLP
    610 Newport Center Drive, 17th Floor
5   Newport Beach, CA 92660
    Telephone:   (949) 760-9600
6   Facsimile:   (949) 823-6994

7   Attorneys for Defendant
    OCWEN LOAN SERVICING, LLC
8

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

12

13   MERCEDES HERRERA,                  Case No.  C09-02843 TEH

14                 Plaintiff,           DEFENDANT OCWEN LOAN
                                        SERVICING, LLC'S NOTICE OF
15        v.                            MOTION AND MOTION TO
                                        DISMISS COMPLAINT PURSUANT
16   LCS FINANCIAL SERVICES             TO F.R.C.P. 12(b)(6);
     CORPORATION and OCWEN              MEMORANDUM OF POINTS AND
17   LOAN SERVICING LLC,                AUTHORITIES IN SUPPORT
                                        THEREOF
18                 Defendants.
                                        Hearing Date:   August 31, 2009
19                                      Time:           10:00 a.m.
                                        Courtroom:      12
20                                      Judge:          Hon. Thelton E.
                                                        Henderson
21

22        __NOTICE OF MOTION AND MOTION TO DISMISS__

23   TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

24        PLEASE TAKE NOTICE that on August 31, 2009, at 10:00 a.m., or as soon

25   thereafter as counsel may be heard before the Honorable Thelton E. Henderson, in

26   Courtroom 12, 19th Floor of this Court, located at 450 Golden Gate Avenue, San

27   Francisco, California 94102, defendant Ocwen Loan Servicing, LLC ("Ocwen"),

28   will appear and move the Court for an order dismissing the claim asserted against it

1    in plaintiff Mercedes Herrera's complaint, pursuant to Rule 12(b)(6) of the Federal

2    Rules of Civil Procedure, on the ground that the complaint fails to state a claim for

3    relief.

4        This Motion is based upon this Notice, the attached Memorandum of Points

5    and Authorities, the argument of counsel, all of the pleadings and other papers on

6    file in this action, and such other matters as may be presented at the hearing on this

7    Motion or prior to the Court's decision.

8

9       Dated:  July 27, 2009            BRIAN P. BROOKS
10                                     ELIZABETH LEMOND MCKEEN
                                    JILLIAN B. ALLEN
11                                     O'MELVENY & MYERS LLP

12

13                                     By: /s/ Elizabeth Lemond McKeen
                                        Elizabeth Lemond Mckeen
14                                     Attorneys for Defendant
                                    OCWEN LOAN SERVICING, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

       MOTION TO DISMISS C09-02843 TEH

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Even accepting the allegations of plaintiff Mercedes Herrera's complaint as true, it is clear that plaintiff has no claim against defendant Ocwen Loan Servicing, LLC ("Ocwen") for violation of California's Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788, *et seq*. (the "CFDCPA"). Among other things, this California statute (which borrowers certain standards from the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA")), prevents false, deceptive, or misleading statements in connection with collection of a debt; unfair or unconscionable collection methods; and the collection of any amount not authorized by agreement or permitted by law. The sole basis for plaintiff's allegation that Ocwen violated this statute is her contention that, as a result of California's anti-deficiency statute, it was false or misleading for Ocwen to state that there is a debt at all or to request that she make a voluntary payment. Specifically, plaintiff contends that California Code of Civil Procedure Section 580b, which provides that "no deficiency judgment shall lie in any event after a sale of real property," simply erased her debt as to her unpaid second mortgage without a trace and "barred [Ocwen] from claiming this debt." (Compl. ¶ 15.) As a result, she claims that Ocwen violated the CFDCPA, which prohibits false representations in connection with debt collection and misrepresentations regarding the legal status of a debt, when it did no more than communicate to her that her second mortgage was in default and request payment. Plaintiff is mistaken.

According to the complaint, plaintiff financed the purchase of a single-family condominium in Fremont, California with two home mortgage loans originated by New Century Mortgage Corporation in October 2005. (Compl. ¶¶ 8-9.) Following the origination of these loans, defendant Ocwen became the servicer

1    of plaintiff's second mortgage.  (*Id*. at ¶ 11.)  In June 2008, after plaintiff

2    admittedly defaulted on her mortgages, the holder of the first-lien mortgage

3    foreclosed.  (*Id*. at ¶¶ 11-13.)  Plaintiff alleges that, following the foreclosure on

4    the first mortgage, Ocwen "demanded payment in full from Ms. Herrera on the

5    second mortgage."  (*Id*. at ¶ 15.)  Plaintiff alleges that Ocwen sent her three

6    communications, which form the basis of her complaint:  (1) a July 1, 2008 letter

7    which "stated that the second mortgage was now in default," (2) a July 17, 2008

8    communication "seeking payment of the second mortgage," and (3) an August 18,

9    2008 letter "informing her that the servicing rights of the second mortgage had been

10   assigned to [co-defendant] LCS Financial Corp."  (*Id*. at ¶ 16.)[1]  Importantly,

11   plaintiff does not allege that Ocwen sought a deficiency judgment or threatened to

12   seek such a judgment.

13           Plaintiff's attempt to hold Ocwen liable for violation of the CFDCPA

14   fails for the simple reason that Section 580b does not eliminate plaintiff's debt; it

15   merely bars mortgagees from obtaining a deficiency judgment following a

16   foreclosure.  *See* Cal. Code Civ. Proc. § 580b.  Therefore, Ocwen's requests that

17   plaintiff pay the outstanding balance on her admittedly-defaulted second mortgage

18   were not improper debt collection practices because they did not include any false

19   statements or characterizations.  Plaintiff concedes she defaulted on her second

20   mortgage, so the statement that the mortgage was in default was by definition

21   neither false nor misleading.  Likewise, Ocwen's attempt to collect a debt that

22   exists and was never repaid is not a violation of any statute by virtue of the fact that

23

24   _____

     [1] Copies of these communications are attached hereto as Exhibits A, B and C,
25   respectively.  As plaintiff has referenced these communications in the complaint,
     they are deemed incorporated by reference, and this Court may consider them in
26   connection with its evaluation of the pleadings.  *See Branch v. Tunnell*, 14 F.3d
     449, 454 (9th Cir. 1994), *cert. denied* 512 U.S. 1219 (1994) (documents whose
27   contents are alleged in pleading may be considered in ruling on a 12(b)(6) motion,
     even though documents were not physically attached to pleading).
28

1   Ocwen would not be permitted to pursue a deficiency judgment for this arrearage.

2   Because the allegations of the complaint, taken as true, show that Ocwen did not

3   violate the CFDCPA as a matter of law, Ocwen hereby requests that the Court

4   dismiss plaintiff's claim with prejudice.

5

6                                   **ARGUMENT**

7   **I.   PLAINTIFF HAS NOT STATED A CLAIM UNDER THE**
        **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT BY**
8       **ALLEGING THAT OCWEN REQUESTED PAYMENT ON A**
        **DEFAULTED MORTGAGE LOAN.**
9

10          The CFDCPA incorporates various standards of the Federal Fair Debt

11  Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and provides

12  that those subject to the CFDCPA must also comply with the federal statute.

13  Specifically, California Civil Code § 1788.17 provides, in relevant part, that "every

14  debt collector collecting or attempting to collect a consumer debt shall comply with

15  the provisions of Sections 1692b to 1692j [of the FDCPA]."  It is that section of the

16  California statute that plaintiff claims Ocwen violated (though without specifying

17  any particular subsection of the FDCPA that she believes gives rise to Ocwen's

18  liability).  (Compl. ¶ 34.)  The ambiguity of plaintiff's pleading aside, the FDCPA

19  generally prohibits, among other things, (1) false, deceptive, or misleading

20  statements in connection with collection of a debt; (2) unfair or unconscionable

21  collection methods; and (3) the collection of any amount not authorized by the

22  agreement creating debt or permitted by law.  *See* 15 U.S.C. §§ 1692e & 1692f.

23  Notably absent from the complaint are any allegations describing the specific

24  statements Ocwen made to plaintiff that were purportedly false, deceptive or

25  misleading.  Likewise, plaintiff makes no allegation that Ocwen sued or threatened

26  to sue plaintiff for a deficiency judgment notwithstanding Section 580b.  Instead,

27  the sole basis of plaintiff's claim is her contention that, because Section 580b

28  purportedly "barred [Ocwen] from claiming [plaintiff's] debt," Ocwen violated the

1   CFDCPA by stating that she was in default and requesting payment.  However, as

2   set forth below, the language of Section 580b is not so broad, nor does the

3   CFDCPA require this result.

        **A.**    **California Code of Civil Procedure Section 580b Precludes**
4               **Creditors From Pursuing A Deficiency Judgment — But It Does**
5               **Not Erase The Outstanding Indebtedness Or The Fact Of The**
               **Default.**
6

7          Section 580b prevents a mortgagee from proceeding personally against

8   the mortgagor to recover a deficiency after a foreclosure sale of real property

9   securing a mortgage.  *See, e.g., Schumacher v. Gaines*, 18 Cal. App. 3d 994, 999

10  (1971) (holder of purchase money mortgage must "look solely to the security and

11  no personal judgment may be recovered.  The bar of Code of Civil Procedure

12  section 580b applies against deficiency judgments for enforcement of the obligatory

13  rights flowing from the promissory note secured by the deed of trust."); *Jones v.*

14  *Turnage*, 699 F. Supp. 795, 797 (N.D. Cal. 1988) ("Cal. Code Civ. Proc. § 580b

15  prohibits any deficiency judgment from lying after a sale of real property for failure

16  of the purchaser to complete his contract of sale, or under a deed of trust, or

17  mortgage, on a dwelling, given to the vendor to secure payment of the balance of

18  the purchase price of real property, or under a deed of trust or mortgage.")

19  Section 580b also precludes a junior lienholder from recovering a deficiency

20  judgment after the senior lienholder has foreclosed on the property.  *See Spangler v.*

21  *Memel*, 7 Cal. 3d 603, 610 (1972).  By depriving a creditor of a legal remedy other

22  than the right to look to the security for the recovery of debt, Section 580b was

23  intended to place the risk of inadequate security on a purchase money mortgagee.

24  *See, e.g., Roseleaf Corp. v. Chierighino*, 59 Cal. 2d 35, 42 (1963).  Precarious land

25  promotion schemes are discouraged, for the security value of the land gives

26  purchasers a clue as to its true market value."); *Jack Erickson & Associates v.*

27  *Hesselgesser*, 50 Cal. App. 4th 182, 185 (1996) (same).  The statute "discourage[s]

28  vendors from overvaluing the security and, where inadequacy of the security results

1   from a decline in property values during a general or local depression, … prevent[s]

2   the aggravation of the downturn that would result if defaulting purchasers were

3   burdened with large personal liability."  *United States v. Haddon Haciendas Co*.,

4   541 F.2d 777, 782 (9th Cir. 1976).

5          By barring a mortgagee from recovering a deficiency judgment against

6   a mortgagor, Section 580b limits the judicial remedies available to a mortgagee.

7   This limitation, however, does not preclude a mortgagee from attempting to collect

8   the mortgage balance by other means, including by requesting voluntary payment

9   from the defaulting borrower.  *See Hodges v. Mark*, 49 Cal. App. 4th 651, 657

10   (1996) ("Code Civ. Proc. § 580b prohibits only a deficiency judgment in the strict

11   sense, *i.e*., a personal judgment against the debtor.")  In other words, despite

12   plaintiff's contention to the contrary, Section 580b does not render her debt a legal

13   nullity or preclude Ocwen's attempts to collect on that debt by requesting voluntary

14   payment.

15          That Section 580b does not extinguish a mortgagor's debt is made clear

16   by the other legal consequences that a borrower faces following a foreclosure

17   proceeding on a defaulted loan.  One such consequence is the negative impact of

18   the default and/or foreclosure on the mortgagor's credit report.  Under the Federal

19   Fair Credit Reporting Act (the "FCRA"), a lender is entitled to report a mortgagor's

20   default following foreclosure to credit reporting agencies, so long as the lender

21   complies with the other requirements set forth under the FCRA for furnishers of

22   consumer information, including the requirement that all reported information be

23   complete, accurate and current.  *See* 15 U.S.C. § 1681s-2, *et seq.*; *see, e.g.,*

24   *Sepulvado v. CSC Credit Servs*., 158 F.3d 890, 892 (5th Cir. 1998) (noting that

25   under the FCRA, both the foreclosure and the remaining deficiency balance can be

26   included on a credit report for a period of seven years); *Johnson v. Wells Fargo*

27   *Home Mortg., Inc.*, 558 F. Supp. 2d 1114, 1117 (D. Nev. 2008) (mortgage servicer

28

1    continued to report consumer's default on real property mortgage loan following

2    foreclosure).[2]

3         Here, not only does plaintiff's debt on her second mortgage still exist

4    notwithstanding the foreclosure of her first lien, but Ocwen is entitled to report her

5    default to credit reporting agencies under the FCRA.  In order to cure her default

6    and avoid the ill-effects associated with a tarnished credit report, plaintiff could

7    have chosen to pay the outstanding the balance of her mortgage loan – even though

8    Ocwen would not be permitted to obtain a deficiency judgment against her if she

9    failed to do so.  Nothing in the language of Section 580 prevents Ocwen from

10   notifying plaintiff of her default and requesting payment; indeed, such a result

11   would be perverse, given that some individuals in her position might affirmatively

12   want to pay these amounts to minimize the impact on their credit reports.  The law

13   should favor letting Ocwen communicate with these borrowers about the debt —

14   and the credit-reporting implications it will have — as long as Ocwen does not

15   threaten to take action that it is statutorily barred from taking.

16   **B.    Ocwen's Request That Plaintiff Pay Her Defaulted Second Mortgage Did Not Violate The CFDCPA, Even Though Ocwen Is**

17   **Barred From Obtaining A Deficiency Judgment.**

18        A creditor's attempt to pursue a debt that it could not sue the borrower

19   on does not, without more, violate the FDCPA (or its California analog).  For

20   example, numerous authorities have held that a creditor is entitled to seek payment

21   of a time-barred debt.  While the statute of limitations presents a procedural bar that

22   will prevent the creditor from obtaining an enforceable judgment, the creditor's

23   attempt to voluntarily collect the outstanding amount owed is not an FDCPA

24   violation.  *See, e.g., Abels v. JBC Legal Group, P.C.*, 428 F. Supp. 2d 1023, 1027

25   (N.D. Cal. 2005) ("an attempt to collect on the time-barred debts, standing alone, is

26   not a violation of the federal FDCPA."); *Freyermuth v. Credit Bureau Servs.*, 248

27
28   [2] California's Consumer Credit Reporting Agencies Act provides that a creditor "may submit negative credit information concerning a consumer to a consumer credit reporting agency."  *See* Cal. Civ. Code § 1785.26, *et seq.*

MOTION TO DISMISS C09-02843 TEH

1   F.3d 767, 771 (8th Cir. 2001) ("no violation of the FDCPA has occurred when a

2   debt collector attempts to collect on a potentially time-barred debt that is otherwise

3   valid."); *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D 613, 616 (N.D. Ill.

4   2001) (same).  Under the FDCPA, this result obtains even if the creditor does not

5   disclose to the debtor that the relevant debt is time-barred.  *See Reese v. Arrow Fin.*

6   *Servs., LLC*, 202 F.R.D. 83, 92 (D. Conn. 2001) (finding that "[w]here debt

7   collectors have not threatened collection action, courts have not found Fair Debt

8   Collection Practices Act (FDCPA) violations based solely on the mailing of a

9   collection letter that does not affirmatively disclose that a debt is time barred or the

10  consequences of making payment or acknowledging the debt.")

11          Like a statute of limitations, the enforceability bar of Section 580b does

12  not erase the existence of plaintiff's loan balance.  Plaintiff's own allegations

13  demonstrate that she borrowed over $86,000 that she has not repaid.  (Compl. at

14  ¶ 15.)  Section 580b merely provides that Ocwen cannot obtain a deficiency

15  judgment against her for that amount.  But Ocwen's statutory inability to obtain a

16  deficiency judgment against plaintiff does not make it an unfair debt collection

17  practice for Ocwen to inform her of the remaining loan balance and ask her to pay

18  that balance voluntarily.  Inasmuch as plaintiff does not allege that Ocwen made

19  any threat to file a collection suit or to take legal action against plaintiff personally,

20  Ocwen's notification to plaintiff that she is in default on the second mortgage loan

21  was neither false nor misleading.  Likewise, as plaintiff's debt continued to exist

22  even after the foreclosure sale of her home, Ocwen's letter "seeking payment of the

23  second mortgage" was not unfair or unconscionable, nor was it an attempt to collect

24  an unauthorized amount.  *See, e.g., Spira v. Ashwood Fin., Inc.*, 358 F. Supp. 2d

25  150 (E.D.N.Y. 2005) (granting summary judgment for debt collector against

26  debtor's FDCPA claims because warning that debt would be reported to credit

27  bureau and statement that collector would pursue debt through all available means

28  were not abusive, deceptive, or threatening); *Davis. v. World Credit Fund I, LLC*,

1 | 543 F. Supp. 2d 953 (N.D. Ill. 2008) (granting creditors' summary judgment on
2 | debtor's claims under the FDCPA where evidence established the existence of debt
3 | and showed that the debtor owed debt); *Johnson v. AMO Recoveries*, 427 F. Supp.
4 | 2d 953 (N.D. Cal. 2005) (granting collection agency judgment on the pleading
5 | against debtor's FDCPA claims because letters from agency did not make
6 | objectively false statements).

7 |

8 | ### CONCLUSION

9 |       For the foregoing reasons, Ocwen respectfully requests that the Court
10 | dismiss plaintiff's claim against it with prejudice.

11 |

12 | Dated: July 27, 2009        BRIAN P. BROOKS
       ELIZABETH LEMOND MCKEEN
13 |        JILLIAN B. ALLEN
       O'MELVENY & MYERS LLP
14 |

15 |

16 |        By: /s/ Elizabeth Lemond McKeen
            Elizabeth Lemond Mckeen
17 |        Attorneys for Defendant
       OCWEN LOAN SERVICING, LLC

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

## **PROOF OF SERVICE**

I, Terry R. Grossman, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 610 Newport Center Drive, 17th Floor, Newport Beach, California  92660-6429.  On July 27, 2009, I served the within documents:

**(1) DEFENDANT OCWEN LOAN SERVICING, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; and (2) DEFENDANT OCWEN LOAN SERVICING, LLC'S [PROPOSED] ORDER GRANTING MOTION TO DISMISS**

☐     by transmitting via facsimile machine the document(s) listed above to the fax number(s) set forth below on this date at approximately _____.m.  The outgoing facsimile machine telephone number in this office is (949) 823-6994. The facsimile machines used in this office create a transmission report for each outgoing facsimile transmitted.  A copy of the transmission report(s) for the service of this document, properly issued by the facsimile machine(s) that transmitted this document and showing that such transmission was (transmissions were) completed without error, is attached hereto.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Newport Beach, California addressed as set forth below.  I am readily familiar with the firm's practice of collecting and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐     by putting a true and correct copy thereof, together with an unsigned copy of this declaration, in a sealed envelope designated by the carrier, with delivery fees paid or provided for, for delivery the next business day to the person(s) listed above, and placing the envelope for collection today by the overnight courier in accordance with the firm's ordinary business practices.  I am readily familiar with this firm's practice for collection and processing of overnight courier correspondence.  In the ordinary course of business, such correspondence collected from me would be processed on the same day, with fees thereon fully prepaid, and deposited that day in a box or other facility regularly maintained by First Legal Support Services, which is an express carrier.

1  ☐  by putting a true and correct copy thereof, together with an unsigned copy of this
declaration, in a sealed envelope, with Express Mail postage fully prepaid to the
2  person(s) listed above, and placing the envelope for collection and mailing today
with the United States Postal Service as an Express Mail item in accordance with
3  the firm's ordinary business practices.  I am readily familiar with this firm's
practice for collection and processing of Express Mail correspondence for mailing
4  with the United States Postal Service.  In the ordinary course of business, Express
Mail correspondence collected from me would be processed on the same day, with
5  Express Mail postage thereon fully prepaid, and placed for deposit that day with
the United States Postal Service by depositing it that same day in a post office,
6  mailbox, subpost office, substation, mail chute, or other like facility regularly
maintained by the United States Postal Service for receipt of Express Mail.

7

8  ☐  by causing the document(s) to be emailed or electronically transmitted to the
person(s) at the email addresses set forth below, pursuant to a court order or an
agreement of the parties to accept service by email or electronic transmission.  I
9  did not receive, within a reasonable time after the transmission, any electronic
message or other indication that the transmission was unsuccessful.

10

11  ☒  by electronically filing via the CM/ECF system, and thereby serving all parties
registered to accept electronic service in this manner.

12  Noah Zinner, Esq.
Housing and Economic Rights Advocates
13  P.O. Box 29435
Oakland, CA  94604-0091
14

15  I declare under penalty of perjury under the laws of the United States that
the above is true and correct.
16
Executed on July 27, 2009, at Newport Beach, California.
17

18
/s/ Terry R. Grossman
19  Terry R. Grossman

20

21

22

23

24

25

26

27

28

- 2 -                    MOTION TO DISMISS C09-02843 TEH