1   William E. Kennedy (CSB #158214)
    LAW OFFICE OF WILLIAM E. KENNEDY
2   2797 Park Avenue, Suite 201
    Santa Clara, California 95050
3   (408) 241-1000 phone
    (408) 241-1500 fax
4   willkennedy@pacbell.net

5   Chris Brancart (CSB #128475)
    BRANCART & BRANCART
6   P. O. Box 686
    Pescadero, CA 94060
7   (650) 879-0141 phone
    (650) 879-1103 fax
8   cbrancart@brancart.com

9   Noah Zinner (CSB #247581)
    HOUSING AND ECONOMIC RIGHTS ADVOCATES
10  P.O. Box 29435
    Oakland, CA 94604-0091
11  (510) 271-8443 phone
    nzinner@heraca.org

12
    Attorneys for Plaintiff MERCEDES HERRERA and others similarly situated
13

14                    **UNITED STATES DISTRICT COURT**

15                   **NORTHERN DISTRICT OF CALIFORNIA**

16                        **OAKLAND DIVISION**

17

18  _____
                                              )   **Case No.: C09-02843 ECM**
19  MERCEDES HERRERA                          )
                                              )
20               Plaintiff,                   )   **FIRST AMENDED CLASS ACTION**
                                              )   **COMPLAINT FOR VIOLATIONS OF**
21        vs.                                 )   **THE FEDERAL AND STATE FAIR**
                                              )   **DEBT COLLECTION PRACTICES**
22  LCS FINANCIAL SERVICES CORPORATION        )   **ACTS**
    and OCWEN LOAN SERVICING LLC,             )
23                                            )
                                              )   **DEMAND FOR JURY TRIAL**
24               Defendants.                  )
                                              )
25  _____ )

26

27

28

**INTRODUCTION**

1.     This class action complaint is brought to protect the rights of California consumers who have been subject to collection efforts by mortgage servicers following the foreclosure of their property.  California law prohibits lenders from obtaining deficiency judgments following a foreclosure sale, and thus lenders have no legal remedy to collect deficiencies following foreclosure.  Notwithstanding, defendants have demanded payment of deficiency balances from plaintiff Mercedes Herrera and members of the proposed classes without disclosing the lack of a legal remedy.  In demanding payment of tens or hundreds of thousands of dollars without disclosing the absence of legal recourse to collect the deficiencies, and by informing consumers that they "must" make payment by the stated deadline, defendants have engaged in deceptive and misleading methods of debt collection in violation of the federal and state Fair Debt Collection Practices Acts.

**JURISDICTION AND VENUE**

2.     Jurisdiction is proper in the Federal District Court pursuant to 28 U.S.C. 1331, on the basis that the defendant LCS Financial Services Corporation by an act or omission violated federal law, specifically the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* Supplemental jurisdiction over plaintiff's claim against defendant Ocwen Loan Servicing LLC is proper pursuant to 15 U.S.C. §1367(a).

3.     Venue is proper in Federal District Court of Northern California pursuant to 28 U.S.C. §1391, because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

**PARTIES**

4.     Plaintiff Mercedes Herrera ("Ms. Herrera") is an individual and a resident of Alameda County in the State of California.

5.     Defendant Ocwen Loan Servicing LLC (hereafter "Ocwen"), is a Delaware Limited Liability Corporation with offices in West Palm Beach, Florida.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL     C09-02843

6.      Defendant LCS Financial Services Corporation ("LCS") is a Colorado Corporation with offices in Englewood, Colorado.

7.      At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment.  The defendants are jointly and severally liable to plaintiff and the members of the proposed classes.

**ALLEGATIONS SPECIFIC TO MERCEDES HERRERA**

8.      On October 14, 2005, Plaintiff Mercedes Herrera purchased a single-family condominium at 38623 Cherry Lane, Unit 117, Fremont, California for $435,000.  Ms. Herrera resided in this property after the purchase.

9.      To finance her purchase, Ms. Herrera applied for and received two home mortgage loans from New Century Mortgage Corporation. The first of these mortgages was for $348,000 ("first mortgage") and the second was for $87,000 ("second mortgage").  The two mortgages were funded simultaneously as purchase money loans.  New Century knew that the mortgages were purchase money loans as this fact was apparent from the loan documents and the conversations which took place during the loan application process.

10.     New Century also knew that the property was to be occupied by Ms. Herrera. Before funding the loans, New Century in fact required Ms. Herrera to sign an affidavit stating that she would occupy the home.

11.     At some point, defendant Ocwen began servicing Ms. Herrera's second mortgage. In approximately January 2008, shortly after the interest rate on Ms. Herrera's mortgage adjusted, Ms. Herrera fell behind in her mortgage payments.

12.     Pursuant to California's statutory non-judicial foreclosure process, a Notice of Default was recorded against Ms. Herrera on February 4, 2008 (Alameda County Clerk-Recorder Doc. # 2008047494) and a Notice of Trustee Sale was recorded on May 7, 2008 (Alameda County Clerk-Recorder Doc. # 2008151465).

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL     C09-02843

3

13.     On June 19, 2008, Ms. Herrera's lost title to her home by Trustee's Deed (Alameda County Clerk-Recorder Doc. # 2008193440) through a non-judicial foreclosure by the first mortgage holder.  Ms. Herrera vacated her residence.

14.     Ms. Herrera received a letter on or about July 1, 2008 from Ocwen.  That letter, attached as Exhibit A and incorporated by reference, was sent by certified mail, return receipt requested.  The letter included the following language:

> "On or before August 01, 2008, you must submit payment by Money Gram, Bank Check, Money Order or Certified Funds for the entire total due amount stated above to the appropriate address listed at the bottom of page two of this notice.  Any payments(s) that become due in the interim must also be included."
>
> . . . .
>
> Failure to bring your account current may result in our election to exercise our right to foreclose on your property.  Upon acceleration, your total obligation will be immediately due and payable without further demand.  In foreclosure proceedings, we are entitled to collect your total arrearage in addition to any expenses of foreclosures, including but not limited to reasonable attorney's fees and costs.

15.     The letter also contains a special notice "in the event you have filed bankruptcy" which informs such individuals that in such case, "this is not an attempt to assert that you have any personal liability for this debt."

16.     The letter violated the FDCPA in the following ways:

a.      The letter failed to inform Ms. Herrera that pursuant to state law, no judgment could be taken against her following foreclosure or otherwise inform Ms. Herrera that Ocwen had no legal recourse available to recoup the deficiency.  Accordingly, the letter falsely implied that legal consequences could follow if Ms. Herrera did not pay the deficiency.

b.      The letter stated that payments "must" be made by August 1, 2008, thereby implying that failure to make the required payment before the deadline would result in legal consequences for Ms. Herrera.

c.      The letter implies that individuals who have not filed bankruptcy (such as Ms. Herrera) are personally liable for the alleged debt.

d.      The letter threatened that Ocwen would foreclose on her property and collect the total arrearage, attorney's fees and costs, when this was not possible.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL     C09-02843

4

17.   Ocwen sent an Account Statement dated July 17, 2008, seeking payment of a "Total Amount Due" of $8,695.70 on the second mortgage and stating that the Current Principal Balance was $86,142.16.  The Account Statement indicates: "Past Due Amounts DUE IMMEDIATELY."  The Account Statement is attached as Exhibit B and incorporated by reference.  The Account Statement is identical to Account Statements provided to Ms. Herrera prior to the foreclosure, suggesting that the legal nature of Ms. Herrera's debt was unaffected by the foreclosure.  An example of a pre-foreclosure Account Statement is attached as Exhibit C and incorporated by reference.  The July 17, 2008 Account Statement violated the FDCPA in the following ways:

a.   The Account Statement failed to inform Ms. Herrera that pursuant to state law, no judgment could be taken against her following foreclosure or otherwise inform Ms. Herrera that Ocwen had no legal recourse available to recoup the deficiency.  Accordingly, the Account Statement falsely implied that legal consequences could follow if Ms. Herrera did not pay the deficiency.

b.   The Account Statement indicates "Past Due Amounts DUE IMMEDIATELY," thereby implying that failure to make immediately payment would result in legal consequences for Ms. Herrera.

c.   The Account Statement indicated that Ms. Herrera was obligated to make payments on the deficiency.  The context of the letter falsely implied that payment was mandatory, rather than voluntary.

18.   On August 18, 2008, Ocwen sent another letter to Ms. Herrera, which is attached as Exhibit D and is incorporated by reference.  The August 18, 2008 letter informed Ms. Herrera that the servicing rights of the second mortgage had been assigned to LCS.  The letter states "Effective August 19, 2008 direct your payments to your new servicer, LCS Financial Services Corp."  The letter violated the FDCPA in the following ways:

a.   The letter failed to inform Ms. Herrera that pursuant to state law, no judgment could be taken against her following foreclosure or otherwise inform Ms. Herrera that

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL     C09-02843

Ocwen had no legal recourse available to recoup the deficiency.  Accordingly, the letter falsely implied that legal consequences could follow if the deficiency were not paid.

   b. The letter indicated that Ms. Herrera was obligated to make payments on the deficiency.  The context of the letter falsely implied that payment was mandatory, rather than voluntary.

  19. LCS sent a letter to Ms. Herrera on August 28, 2008, demanding full payment on the second mortgage.  The letter is attached as Exhibit E and incorporated by reference.  The letter stated: "Please be advised that LCS Financial Services Corp. represents OCWEN/MTGLQ with regard to the balance due and owing on the above referenced promissory note ("Note") . . . Nonpayment of the Note has resulted in a default and the total amount of $103456.42 is now due and owing as of the date of this letter.

  20. As alleged above, the August 28, 2008 LCS letter was preceded by the August 18, 2008 letter from Ocwen, which notified Ms. Herrera that LCS represented Ocwen, as well as other previous Ocwen letters.  Accordingly, the LCS letter was interpreted in light of the previous Ocwen correspondence which demanded immediate payment of deficiency balances.  The LCS letter violated the FDCPA in the following ways:

   a. The letter failed to inform Ms. Herrera that pursuant to state law, no judgment could be taken against her following foreclosure or otherwise inform Ms. Herrera that LCS had no legal recourse available to recoup the deficiency.  Accordingly, the letter falsely implied that legal consequences could follow if the deficiency were not paid.

  21. LCS also used an autodialer to place collection calls to Ms. Herrera.  LCS continue to assert that the requested amount was due in telephone conversations which occurred with Ms. Herrera's legal counsel.

**CLASS DEFINITIONS**

  22. The proposed Class A consists of all California residents where all of the following conditions apply:

   a. The individual took out one or more loans which was subject to California Code of Civil Procedure §580b;

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL C09-02843

b.     The real property which secured the loan was sold in foreclosure;

c.     Defendant LCS sought to collect amounts on the loan due following the foreclosure sale of the property in a manner which violated the Fair Debt Collection Practices Act.

23.     The proposed Class B consists of all California residents where all of the following conditions apply:

a.     The individual took out one or more loans which was subject to California Code of Civil Procedure §580b;

b.     The real property which secured the loan was sold in foreclosure;

c.     Defendant Ocwen sought to collect amounts on the loan due following the foreclosure sale of the property in a manner which violated the Fair Debt Collection Practices Act, and therefore violated Civil Code §1788.17.

## ALLEGATIONS COMMON TO ALL CLASS MEMBERS

24.     The proposed classes each likely consist of dozens - possibly hundreds - of members and are each so numerous that joinder is impracticable.  The members are readily ascertainable through the records of Defendants.

25.     Questions of law and fact of common and general interest exist as to all members of the proposed classes and will predominate over any questions affecting only individual members. Most notably, the common questions include the issue of whether defendants collected or attempted to collect mortgage balances following foreclosure in a manner which violated the Fair Debt Collection Practices Act.

26.     Ms. Herrera's claims are typical of the claims of the members of the proposed classes, as she was subject to collection efforts by LCS and Ocwen with respect to her mortgage following foreclosure which violated the FDCPA

27.     Ms. Herrera will fairly and adequately protect the interests of the members of the proposed classes.  Ms. Herrera has no interest adverse to the classes.  Additionally, Ms. Herrera has retained counsel experienced in the prosecution of class actions, including consumer classes

actions under the federal FDCPA .  Ms. Herrera is thus ready, willing and able to fairly and adequately represent the interests of the classes.

28.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual member are relatively small compared to the expense and burden of prosecuting individual cases.

29.     If individual members of the classes were required to bring separate actions, courts could be confronted by multiple lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments.  In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, the class action presents fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

30.     Many of the members of the proposed classes may be unaware of the existence of laws that provide them with protection from the facts described above and therefore may not seek out legal assistance without the classes.

## LEGAL CLAIMS

### FIRST CAUSE OF ACTION
**Violation of the Federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et. seq.)**
**(Brought as a Class Action on Behalf of Ms. Herrera and the Proposed Class A Against LCS only)**

31.     Plaintiff realleges and incorporates herein by reference the allegations in all other paragraphs.

32.     LCS is a 'debt collector' within the meaning of 15 U.S.C. §1692a(6).   The monies allegedly owed by the members of the proposed class are "debts" within the meaning of 15 U.S.C. §1692a(5).

33.     LCS was prohibited from obtaining a deficiency judgment against all members of the class because of the provisions of Code of Civil Procedure §580b.

34.     LCS demanded money in a manner which violated the FDCPA with respect to members of the Proposed Class A.  Specifically, LCS violated the following provisions:

a.   15 U.S.C. §1692e, which prohibits any false, deceptive or misleading representation or means in connection with the collection of any debt;

b.   15 U.S.C. §1692e(2)(A), which prohibits misrepresentation of the character, amount, or legal status of the debt;

c.   15 U.S.C. §1692e(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt;

d.   15 U.S.C. §1692f, which prohibits any unfair or unconscionable means to collect or attempt to collect any debt;

35.   As a result of LCS' violations of the FDCPA, plaintiff and members of the Proposed Class A were damaged.

**SECOND CAUSE OF ACTION**
**(Violation of state Fair Debt Collection Act, Civil Code §1788 et seq.)**
**(Asserted on behalf of Plaintiff and the Proposed Plaintiff Classes A and B against all defendants)**

36.   Plaintiff incorporates all other paragraphs as though fully set forth herein.

37.   Each of the defendants is a "debt collector" within the meaning of Civil Code §1788.2(c).   The monies allegedly owed by the members of the proposed class are "debts" within the meaning of Civil Code §1788.2(d).

38.   The debt collection practices of defendants violated various provisions of the state Fair Debt Collection Practices Act, including to but not limited to the following:

a.   Civil Code  §1788.17, which incorporates by reference, and requires compliance with the provisions of the federal FDCPA set forth in the First Cause of Action above.

39.   As a result of defendants' violations of the state FDCPA, plaintiff and members of the proposed class were damaged.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully prays for judgment against defendants and relief as follows:

On the First Cause of Action (Federal FDCPA)- Against LCS

      a.      for actual damages pursuant to 15 U.S.C. §1692k(a)(2)(A) for herself and the members of the class;

      b.      for statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B) for herself and members of the class;

      c.      for prejudgment interest;

      d.      for reasonable attorneys fees and costs pursuant to 15 U.S.C. §1692k(a)(3); and

      e.      for such other and further relief as the Court may deem proper.

On the Second Cause of Action (state FDCPA)-Against all Defendants

      a.      for actual damages pursuant to 15 U.S.C. §1692k(a)(2)(A) (incorporated into the state FDCPA by Civil Code §1788.17) for herself and the members of the class;

      b.      for statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B) (incorporated into the state FDCPA by Civil Code §1788.17) for herself and members of the class;

      c.      for prejudgment interest;

      d.      for reasonable attorneys fees and costs pursuant to 15 U.S.C. §1692k(a)(3) (incorporated into the state FDCPA by Civil Code §1788.17) and Civil Code §1788.30(c); and

      e.      for such other and further relief as the Court may deem proper.


LAW OFFICES OF WILLIAM E. KENNEDY
BRANCART & BRANCART
HOUSING AND ECONOMIC RIGHTS ADVOCATES


Dated: September 25, 2009           ___/s/_____

                 By:    William E. Kennedy
                        Attorneys for Mercedes Herrera and the Proposed Class

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Mercedes Herrera demands a trial by jury in this action.


LAW OFFICES OF WILLIAM E. KENNEDY
BRANCART & BRANCART
HOUSING AND ECONOMIC RIGHTS ADVOCATES


Dated: September 25, 2009          /s/
                          By:   _____
                                William E. Kennedy
                                Attorneys for Mercedes Herrera and the Proposed Class

**EXHIBIT A**



*Ocwen Loan Servicing, LLC*
*12650 Ingenuity Drive*
*Orlando, Florida 32826*                                        WWW.OCWEN.COM

July 01, 2008

VIA First Class Mail
VIA Certified Mail (return receipt requested)
Certified Number: 71069017515121824473
Reference Code: 0710

Mercedes  Herrera

38623 Cherry Lane 117
Fremont, CA 94536-0000

| Loan Number: | 38482113 |
|---|---|
| Property Address: | 38623 Cherry Lane 117 , Fremont, CA 94536-0000 |

**NOTICE OF DEFAULT**

**AVISO IMPORTANTE PARA PERSONAS DE HABLA HISPANA**:
Esta notificación es de suma importancia.  Puede afectar su derecho a continuar viviendo en su casa.  Si no entiende su contenido, obtenga una traducción inmediatamente o contáctenos ya que tenemos representantes que hablan español y están disponibles para asistir.

Dear Borrower (s):

## SPECIAL NOTICE IN THE EVENT YOU HAVE FILED BANKRUPTCY

If you have received a Chapter 7 discharge under the Bankruptcy Code of the United States or if your mortgage is the type which has been discharged pursuant to a completed Chapter 13 plan, this notice is not intended and does not constitute an attempt to collect a debt against you personally. If the foregoing applies to you, this notice is sent to you only as a preliminary step to a foreclosure on the mortgage against the above-referenced property.  Provisions may be contained within your mortgage/deed of trust that require notice prior to foreclosure. As such, this is not an attempt to assert that you have any personal liability for this debt.

In addition, if you have recently filed a petition under the Bankruptcy Code, this notice has been sent to you because OCWEN has not been notified of your bankruptcy case. If the foregoing applies to you, it is **IMPORTANT** that you or your bankruptcy attorney contact us immediately and provide us with the following information: date and jurisdiction of your filing, your case number and the bankruptcy chapter number under which you have filed.

If you have not recently filed bankruptcy or received a bankruptcy discharge, you are hereby notified that this letter is an attempt to collect a debt.  All information obtained will be used for that purpose.  The debt is owed to OCWEN as the owner or servicer of your home loan and mortgage.
**GOLDMAN MASTER FLOW**

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt of this letter, the debt will be assumed to be valid by OCWEN.  If you notify OCWEN in writing within thirty (30) days that the debt or a portion of the debt is disputed, OCWEN will send you verification of the debt.  If you would like to obtain such verification, direct your request in writing to the Loan Resolution Consultant within thirty (30) days.  The failure to dispute the validity of the debt may not be construed by any court as an admission of liability by you.

Your mortgage payments are past due, which puts you in default of your loan agreement.  As of July 01, 2008, you owe the following:

| | |
|---|---|
| Principal and Interest................................ | $ 6,549.44 |
| Interest Arrearage.................................... | $ 0.00 |
| Escrow............................................... | $ 0.00 |
| Late Charges......................................... | $ 327.44 |
| Insufficient Funds Charges........................... | $ 0.00 |
| Fees / Expenses...................................... | $ 135.21 |
| Suspense Balance (CREDIT)............................ | $ 0.00 |
| Interest Reserve Balance (CREDIT)................ | $ 0.00 |
| **TOTAL DUE.........................................** | **$ 7,012.09** |

DEMAND05.11

**This communication is from a debt collector attempting to collect a debt;**
**any information obtained will be used for that purpose.**



*Ocwen Loan Servicing, LLC*
*12650 Ingenuity Drive*
*Orlando, Florida 32826*                                        WWW.OCWEN.COM

On or before August 01, 2008, you must submit payment by Money Gram, Bank Check, Money Order or Certified Funds for the entire total due amount stated above to the appropriate address listed at the bottom of page two of this notice. Any payment(s) that become due in the interim must also be included.

Failure to bring your account current may result in our election to exercise our right to foreclose on your property. Upon acceleration, your total obligation will be immediately due and payable without further demand. In foreclosure proceedings, we are entitled to collect your total arrearage in addition to any expenses of foreclosure, including but not limited to reasonable attorney's fees and costs. If your loan has already been accelerated and foreclosure proceedings already begun, we will continue the foreclosure action (if possible). You have the right to assert in court the non-existence of a default or any other defense to acceleration and foreclosure.

OCWEN will work with bankruptcy lawyers, foreclosure defense lawyers, housing counselors, and other authorized representatives of our customers. However, we will only release information once your written authorization has been obtained, as required by law.

After acceleration of the debt, but prior to foreclosure, you may have the right to reinstate the mortgage loan, depending on the terms of the note and mortgage. We encourage you to review the provisions of the note and mortgage. Please be aware that, after acceleration of the debt, there may be expenses and attorney's fees and costs incurred by OCWEN to enforce the mortgage in addition to the overdue amount on the mortgage. Any payment to reinstate the mortgage loan after acceleration must therefore include an amount sufficient to cover such expenses and fees incurred. Payments received that are less than the amount required to reinstate the mortgage loan will be returned, and will not stop any foreclosure proceedings that have begun. **PRIOR TO SUBMITTING PAYMENT, YOU MAY WISH TO CALL ME TO VERIFY THE EXACT AMOUNT DUE.**

A HUD counseling agency may be able to provide you with assistance. To locate the HUD approved counseling agency in your area, call the HUD Housing Counseling Service at **(800) 569-4287** or consult HUD's website at **www.HUD.gov.**

If you are unable to bring your account current, I urge you to call us immediately to discuss possible alternatives to foreclosure.

**If you have the desire to remedy this situation, we want to assist you in trying to reach that goal. OCWEN would like to present you with some of the alternatives that might be available regarding your delinquent mortgage loan. While our primary objective is the collection of past due amounts on your loan, we want to work with you to find the best available alternative for you to bring your mortgage loan obligation current.**

Please visit our website @www.Ocwen.com where you can review your account and enter your financial information at your convenience.

Yours truly,                                                    **ADDRESS WRITTEN CORRESPONDENCE TO:**
                                                               LRC TMB TeamB
                                                               Ocwen Loan Servicing, LLC
Collections Department                                         P.O. Box 785055
Toll Free Phone: 800-310-9229        Fax: 407-737-6300         Orlando, FL 32878-5055

**PAYMENT REMITTANCE INFORMATION (always include Loan # 38482113 with your payment)**

| **Money Gram** | **Overnight Address** | **VIA Regular Mail** |
|---|---|---|
| Receive Code: 2355 | Ocwen Loan Servicing, LLC | Ocwen Loan Servicing, LLC |
| City: Orlando | 12650 Ingenuity Drive | P.O. Box 6440 |
| St: FL | Orlando, FL 32826 | Carol Stream, IL 60197-6440 |
| Loan # 38482113 | Attention: Collections Department | |

DEMAND05.11

**This communication is from a debt collector attempting to collect a debt;**
**any information obtained will be used for that purpose.**

**Attachment 1**

**United States Department of Housing and Urban Development**
**Servicemembers Civil Relief Act Notice**

### Legal Rights and Protections Under the SCRA

Servicemembers on "active duty" or "active service," or a dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC App.§§ 501-596)(SCRA).

### Who May Be Entitled to Legal Protections Under the SCRA?

- Active duty members of the Army, Navy, Air Force, Marine Corps, Coast Guard, and active service National Guard;
- Active service members of the commissioned corps of the National Oceanic and Atmospheric Administration;
- Active service members of the commissioned corps of the Public Health Service;
- United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action; and
- Their spouses.

### What Legal Protections Are Servicemembers Entitled To Under the SCRA?

- The SCRA states that, a debt uncured by a servicemember, or servicemember and spouse jointly, prior to entering military service shall not bear interest at a rate above 6 percent during the period of military service.
- The SCRA states that, in a legal action to enforce a debt against real estate that is filed during, or within 90 days after the servicemember's military service, a court may stop the proceedings for a period of time, or adjust the debt. In addition, the sale, foreclosure, or seizure of real estate shall not be valid if it occurs during, or within 90 days after the servicemember's military service unless the creditor has obtained a court order approving the sale, foreclosure, or seizure of the real estate.
- The SCRA contains many other protections besides those applicable to home loans.

### How Does A Servicemember or Dependent Request Relief Under the SCRA?

- A servicemember or dependent, or both, may request relief under the SCRA by providing the lender a written notice with a copy of the servicemember's military orders. (Note: Lender should place its name, address and contact information here).

### How Does A Servicemember or Dependent Obtain Information About the SCRA?

- Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. A military legal assistance office locator for each branch of the armed forces is available at: http://legalassistance.law.af.mil/content/locator.php.
- The U.S. Department of Defense's information resource is "Military One Source." The toll-free telephone numbers for Military One Source are: From the United States: 1-800-342-9647. From outside the United States (where available): 1-800-342-6477. International collect: 484-530-5747.

**EXHIBIT B**



**O C W E N**®

Return Address Only:
**Ocwen Loan Servicing, LLC**
P.O. Box 785056
Orlando, FL 32878-5056

NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

## Account Statement

| | |
|---|---|
| **Account Number:** | 0038482113 |
| **Account Statement Date:** | 07/17/2008 |
| **Property Address:** | |
| 38623 Cherry Lane 117 | |
| Fremont CA 94536 | |
| PAGE 1 | |

DELQ

03/24/08 15:00   0060560 20080718-8G064116 REG-STMT 1 CZ DOM 8G06410000* 146951  MS

MERCEDES HERRERA
39800 FREMONT BLVD APT 212
FREMONT CA 94538-2668

### Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 43.17 |
| Interest: | 775.51 |
| Current Amount Due by 08/01/08: | 818.68 |
| Past Due Amount: | |
| Principal: | 371.52 |
| Interest: | 6,996.60 |
| Past Due Amounts DUE IMMEDIATELY: | 7,368.12 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 368.37 |
| Prev-Certified Mail Cost: | 10.53 |
| Prev-Property Inspection Fee: | 21.00 |
| Prev-Property Valuation Expense: | 109.00 |
| Total Fees/Expense Outstanding: | 508.90 |
| Total Amount Due: | 8,695.70 |

### Account Information

| | |
|---|---|
| * Current Principal Balance: | 86,142.16 |
| Interest Rate: | 10.85000% |
| Next Payment Due Date: | 11/01/2007 |
| Interest Paid Year-To-Date: | .00 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 86,142.16 |
| Recently Assessed Amounts: | |
| June- 2008 Late Charges: | 40.93 |
| July- 2008 Late Charges: | 40.93 |
| 07/02/08 Certified Mail Cost: | 5.32 |

*This is the principal balance only, not the amount required to pay your account in full.*

### Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/ Other | Suspense | Total |
|------|-------------|-----------|----------|--------|----------|--------------|-------------|----------|-------|
| | | | | | | | | | |

We may report information about your account to credit bureaus.  Late Payments, missed payments, or other defaults on your account may be reflected in your credit report.  To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/bcp/conline/edcams/credit.

### Important Messages

Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.

Additional accountings may be requested by contacting Customer Service.

ACCIDENTS HAPPEN EVERYDAY. BE PREPARED TO PROTECT YOUR HOME AND FINANCIAL SECURITY. CALL
1-800-348-7569 TO ENROLL IN ACCIDENTAL DEATH AND DISABILITY INSURANCE.

**IF YOU ARE CURRENTLY IN BANKRUPTCY OR IF YOU HAVE FILED FOR BANKRUPTCY SINCE OBTAINING
THIS LOAN, PLEASE READ THE BANKRUPTCY INFORMATION PROVIDED ON THE BACK OF THIS STATEMENT.**

FOLD AND
DETACH HERE

PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE.
PLEASE DO NOT SEND CORRESPONDENCE WITH YOUR PAYMENT - ALWAYS WRITE YOUR ACCOUNT NUMBER ON YOUR CHECK.

FOLD AND
DETACH HERE

Insurance Department (For Providing Hazard, Property & Flood Documentation): .................... P.O. Box 6723, Springfield, OH 45501-6723
Insurance Claim Department (For the Filing & Processing of Property Insurance Claims): ............... P.O. Box 6501, Springfield, OH 45501
Property Tax Department: .................................................................................... P.O. Box 961260, Ft. Worth, TX 76161-0260
Research Department: (For Qualified Written Requests) ................................................. P.O. Box 785055, Orlando, FL 32878-5055
Customer Service Department: (General Inquiries or Comments) ....................................... P.O. Box 785057, Orlando, FL 32878-5057

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose.*

### OCWEN FEE STRUCTURE*

| Loan Documents: | | |
|---|---|---|
| Collateral (Mortgage, Note and Riders) ................$30.00 | Verification of Mortgage (free on www.ocwen.com) ...........$10.00 | |
| Individual documents ...................................$15.00 | Western Union® Speedpay® using Ocwen Website ...........$10.00 | |
| Payment History (free on www.ocwen.com) ..............$ 5.00 | Western Union® Speedpay® using Automated Phone System. ...$12.00 | |
| Amortization Schedule (free on www.ocwen.com) ...........$15.00 | Western Union® Speedpay® using Agent Assistance .........$19.50 | |

* These fees are subject to change and may not apply in all instances, depending upon applicable laws.

### IMPORTANT PAYMENT REMINDERS

- To expedite the posting of your payment, you may use our Automated Phone System to pay by phone ($12.00 fee) or Ocwen's Website at www.ocwencustomers.com to make a Western Union® Speedpay® payment online ($10.00 fee). See Payment Options below for additional details.
- Avoid late charges by making payments for the exact coupon amount on or before the due date. Please allow 7 – 10 days for delivery. Postal delays will not prevent late charges for payments received after the grace period.
- To ensure prompt handling of your payment, please enclose your statement coupon with your check. The processing of your payment may be delayed if you send correspondence with your payment or if you send your payment to an address other than the address listed above.
- If for any reason you are unable to make a payment when it is due, please contact our Collections Department at 1-800-446-2936 or visit our website at www.ocwen.com and fill in the required information under the Pursue Alternative Payment Options link on the main screen and one of our Collections or Loan Resolution staff will contact you back.
- Payments will be posted Monday – Friday only, excluding holidays.
- Ocwen Loan Servicing, LLC may report credit information to all major credit bureaus on a monthly basis. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To view the details of how your account was reported to the credit bureaus, please visit Ocwen's Website at www.ocwencustomers.com.

### PAYMENT OPTIONS

**Pay by Phone** – To use our convenient Western Union® Speedpay® option, call Customer Service at 1-800-746-2936 and simply follow the instructions within the "Automated Phone System". Please have your bank account number and routing information available. It's a quick and easy alternative to using regular mail. Agent assistance when making payments will be more costly and time consuming. See applicable fees above.

**Pay via the Ocwen Website** – Make your payment online by simply logging into your account on www.ocwencustomers.com with your User ID and Password. If you have not yet created a User ID and Password, click on the **New User? Register** link and you will be guided through the easy process. Once logged in to your account, select Make Payment Online which is located on the right side of the page. See applicable fees above.

**ACH (Automated Payments)** – Download an application from our website at www.ocwencustomers.com. Payments can be automatically drafted from your bank account on a monthly basis saving you time and money!

**Pay via MoneyGram® ExpressPayment®** – To find the location nearest you, call 1-800-Moneygram or visit www.moneygram.com and click on "Locate MoneyGram Agent". At the agent location, please provide the clerk with your loan number, Receive Code 2355, the Company Name "OCWEN", the City Code "ORLANDO", and the State Code "FLORIDA". MoneyGram® and ExpressPayment® are registered marks of MoneyGram Payment Systems, Inc.

### IMPORTANT BANKRUPTCY INFORMATION

**If you or your account are subject to a pending bankruptcy or your obligation referenced in this statement has been discharged in bankruptcy, this statement is for informational purposes only and is not an attempt to collect a debt.**

**If you have any questions regarding this statement, or do not want Ocwen to send you monthly statements in the future, please contact us at 1-888-554-6599. Bankruptcy payments from the Trustee should be mailed to Ocwen Loan Servicing, LLC, P.O. Box 785053, Orlando, FL 32878-5053.**

**Concerned about making your annual property tax or insurance payments on time?**
**Open an escrow account and let Ocwen handle these important payments for you.  Find out how to open an escrow account at www.ocwen.com or call Customer Relations at 1-800-746-2936!**

**Change of Information:  Has any of your information changed?  Have you added any new contact information?**
If so, please complete this form and check the box on the front of your Payment Coupon or log into your account at www.ocwen.com and update your contact information there.

Account Number:_____    Name: _____
First        MI        Last

New Mailing Address:_____
Street Address        City        State        Zip Code

New Phone Numbers  -  Home: _____    Business: _____

Mobile/Pager:_____    E-mail Address:_____

When you provide a check as payment, you authorize us either to use information from your check to make a one time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day your payment is received, and you will not receive your check back from your financial institution. Call the customer service number on this statement if you have questions about electronic check collection or do not want your payments collected electronically.

**EXHIBIT C**

**O C W E N**

Return Address Only:
Ocwen Loan Servicing
P.O. Box 785056
Orlando, FL 32878-5056

NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

| | |
|---|---|
| **Account Number:** | 0038482113 |
| **Account Statement Date:** | 12/17/2007 |
| **Property Address:** | |
| | 38628 Cherry Lane 117 |
| | Fremont CA 94536 |
| | PAGE 1 |

0665MT 04/13/07 13:36 0083549 2007:2316 7L699131 REG-STMT 1 OZ DOM 7L6991600M- 166951 MG

MERCEDES HERRERA
38623 CHERRY LANE 117
FREMONT CA 94536-4233

### Details of Amount Due

| | |
|---|---|
| Current Amount Due: | |
| Principal: | 40.53 |
| Interest: | 778.15 |
| Current Amount Due by 01/01/08: | 818.68 |
| Past Due Amount: | |
| Principal: | 79.58 |
| Interest: | 1,557.38 |
| Past Due Amounts DUE IMMEDIATELY: | 1,637.36 |
| Assessed Fees/Expense Outstanding: | |
| Late Charges: | 81.86 |
| Curr-Legal/Collection Expense: | 5.21 |
| Total Fees/Expense Outstanding: | 87.07 |
| Total Amount Due: | 2,543.11 |

### Account Information

| | |
|---|---|
| * Current Principal Balance: | 86,142.16 |
| Interest Rate: | 10.86000% |
| Next Payment Due Date: | 11/01/2007 |
| Interest Paid Year-To-Date: | 7,809.96 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 86,559.93 |
| Principal Reductions Year-To-Date: | 417.77 |
| Recently Assessed Amounts: | |
| November- 2007 Late Charges: | 40.93 |
| December- 2007 Late Charges: | 40.93 |
| 12/07/07 Legal/Collection Expense: | 5.21 |

*This is the principal balance only, not the amount required to pay your account in full.

### Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/ Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

We may report information about your account to credit bureaus.  Late Payments, missed payments, or other defaults on your account may be reflected in your credit report.  To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/bcp/conline/edcams/credit.

### Important Messages

Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.

Additional accountings may be requested by contacting Customer Service.

> A $100 GIFT CARD JUST FOR YOU!
See enclosed for your $100 in dining, travel and shopping discounts. It's part of a special service that can save you thousands of dollars. Please reply before: 3/31/08!

ACCIDENTS HAPPEN EVERYDAY. BE PREPARED TO PROTECT YOUR HOME AND FINANCIAL SECURITY. CALL 1-800-348-7569 TO ENROLL IN ACCIDENTAL DEATH AND DISABILITY INSURANCE

**IF YOU ARE CURRENTLY IN BANKRUPTCY OR IF YOU HAVE FILED FOR BANKRUPTCY SINCE OBTAINING THIS LOAN, PLEASE READ THE BANKRUPTCY INFORMATION PROVIDED ON THE BACK OF THIS STATEMENT.**

FOLD AND DETACH HERE          PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE          FOLD AND DETACH HERE
PLEASE DO NOT SEND CORRESPONDENCE WITH YOUR PAYMENT - ALWAYS WRITE YOUR ACCOUNT NUMBER ON YOUR CHECK.

---

00002584043  4444444881  000000038482113  50  002543114

**O C W E N**

### Payment Coupon

| | |
|---|---|
| **AMOUNT DUE** $ | 2,543.11 |
| If Received after 01/16/2008 add Late Charge of: $ | 40.93 |
| Total Amount Due with Late Charge: $ | 2,584.04 |
| Additional Principal: $ | |
| Additional Escrow: $ | |
| Late Charges: $ | |
| Other: (Please Specify) $ | |
| Total Enclosed | |

**Note: If your loan is current, any excess funds will first be applied to outstanding amounts due and then additional principal.**

If this payment is made via Automatic Drafting, this statement is for informational purposes only.

MERCEDES HERRERA

Account Number:  0038482113

☐ Check for Change of Information and see reverse side of coupon.



OCWEN
PO BOX 6440
CAROL STREAM IL 60197-6440

**EXHIBIT D**

Aug 21 08 10:02a    PESCADERO POST OFFICE    6508791532    p.1

 **OCWEN Loan Servicing, LLC**
P.O. Box 24737
West Palm Beach, FL 33416-4737

WEBSITE: WWW.OCWEN.COM

August 18, 2008

Mercedes Herrera
39800 FREMONT BLVD APT 212
FREMONT, CA 945382668

### NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS
### OCWEN LOAN NUMBER: 38482113

Property Address:  38623 Cherry Lane 117
Fremont, CA 94536

Dear Mortgagor(s):

In accordance with Section 6 of the Real Estate Settlement Act ("RESPA") (12 U.S.C. Section 2605), we are informing you that effective August 19, 2008 the servicing of your mortgage loan, that is the right to collect payments from you, will be assigned, sold and transferred to LCS Financial Services Corp.  Except in limited circumstances, the law requires that your new servicer must send you notice of such transfer no later than 15 days after this effective date.  As such, LCS Financial Services Corp. will be contacting you in the near future to welcome you and to inform you about the servicing of your loan.

This change does not affect any other loan or account relationships you may have with Ocwen Loan Servicing, LLC.  The assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.  The transfer of servicing rights, however, may affect the terms of, or the continued availability of, mortgage life or disability insurance or any other type of optional insurance.  Not everyone has this type of insurance, but if you do, you should contact your independent insurance agent for alternative coverage options, since it may not be transferable to LCS Financial Services Corp.  Ocwen will furnish you a statement reflecting the amount of mortgage interest and real estate property taxes paid for the period of time we serviced your loan in 2008.

Effective August 19, 2008 direct your payments to your new servicer, LCS Financial Services Corp.  Ocwen will process payments received through August 18, 2008.  Payments received by Ocwen after August 18, 2008 will be forwarded to LCS Financial Services Corp.  Please be advised that any ACH arrangements with Ocwen will be discontinued effective August 19, 2008. If you are currently enrolled in a Bi-Weekly or Equity Accelerator Program, you need to contact the Provider, and LCS Financial Services Corp. to notify them of this pending change and to discuss your options for possibly continuing this program. The address for LCS Financial Services Corp. follows:

**Payment & Correspondence Address**
**LCS Financial Services Corp**
**6560 Greenwood Plaza Blvd Suite 325**
**Englewood, CO 80111**

If you have any questions relating to the transfer of servicing from Ocwen prior to August 19, 2008, please call our Customer Relations Department at 1-800-74-OCWEN between 9:00 a.m. and 9:00 p.m. EST Monday through Thursday and 9:00 a.m. to 6:30 p.m. EST on Friday.

If you have any questions after the effective date, please call the Customer Service Department for LCS Financial Services Corp. at 1-866-662-9087 from 7 A.M. to 5 P.M. Monday through Friday (MST).  It has been a pleasure serving you.

ACTIVE_CODE

**This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose.**

**EXHIBIT E**

Dept 11427
PO Box 1259
Oaks, PA 19456

**LCS**financial
services corporation

6560 Greenwood Plaza Blvd, Ste 375
Englewood, CO 80111
Toll Free: 1-866-662-9087
Local: 720-212-0375



August 28, 2008

RE: OCWEN/MTGLQ
Loan #: 38482113
LCS Account #: 389817

11301 - 644

MERCEDES HERRERA
39800 FREMONT BLVD
APT 212
FREMONT CA 94538-2668

Dear MERCEDES HERRERA:

Please be advised that LCS Financial Services Corp. represents OCWEN/MTGLQ with regard to the balance due and owing on the above referenced promissory note ("Note"). Pursuant to the Fair Debt Collection Practices Act, you are advised that this company is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

Nonpayment of the Note has resulted in a default and the total amount of $103456.42 is now due and owing as of the date of this letter. The total amount due includes unpaid principal of $86142.16, interest of $16764.43 and miscellaneous fees or advances of $549.83.

Please contact our office at (866) 662-9087 to discuss your payment options. Our hours of operation are Monday through Friday 8:00 a.m. to 5:00 p.m. MST. All contact and correspondence must be directed to this office at the following address:

6560 Greenwood Plaza Blvd., Suite 375
Englewood, CO 80111

Sincerely,
LCS Financial Services Corp.

### PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

PLEASE DETACH AND RETURN BOTTOM PORTION IN THE ENCLOSED ENVELOPE WITH YOUR PAYMENT

RE: OCWEN/MTGLQ
Loan #: 38482113
LCS Account #: 389817

Amount Enclosed: _____

MERCEDES HERRERA
39800 FREMONT BLVD
APT 212
FREMONT CA 94538-2668

LCS Financial Services Corporation
6560 Greenwood Plaza Blvd., Ste 375
Englewood, CO 80111-4980



11301 - MTGDEM1 - 644

The following information is provided in accordance with the Fair Debt Collection Practices Act:
1. The total amount of the debt as of the date of this letter is $103456.42.
2. The name of the current creditor to whom the debt is owed is OCWEN/MTGLQ.
3. Unless you notify this office within thirty days after receiving this notice that you dispute this debt, or any portion thereof, the debt will be assumed to be valid by us.
4. If you notify this office in writing within thirty days after receiving this notice that you dispute this debt, or any portion thereof, our office will obtain verification of the debt, or a copy of any judgment against you, and a copy of such verification or judgment will be mailed to you.
5. Upon written request within thirty days after your receipt of this notice, our office will provide you with the name and address of the original creditor, if different from the current creditor.

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any action authorized by law to collect the debt. Failure by you to contact us to resolve this obligation could result in an adverse reporting to one or more credit reporting agencies.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE
WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM