BRIAN P. BROOKS (S.B. #172151)
bbrooks@omm.com
ELIZABETH LEMOND MCKEEN
(S.B. #216690) emckeen@omm.com
JILLIAN B. ALLEN (S.B. #239197)
jallen@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone:  (949) 760-9600
Facsimile:   (949) 823-6994

Attorneys for Defendant
OCWEN LOAN SERVICING, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MERCEDES HERRERA,<br><br>            Plaintiff,<br><br>    v.<br><br>LCS FINANCIAL SERVICES CORPORATION and OCWEN LOAN SERVICING LLC,<br><br>            Defendants. | Case No.  C09-02843 TEH<br><br>**DEFENDANT OCWEN LOAN SERVICING, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:  December 21, 2009<br>Time:           10:00 a.m.<br>Courtroom:    12<br>Judge:        Hon. Thelton E. Henderson |

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 21, 2009, at 10:00 a.m., or as soon thereafter as counsel may be heard before the Honorable Thelton E. Henderson, in Courtroom 12, 19th Floor of this Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, defendant Ocwen Loan Servicing, LLC ("Ocwen"), will appear and move the Court for an order dismissing the claim asserted against it

in plaintiff Mercedes Herrera's complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that the complaint fails to state a claim for relief.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the argument of counsel, all of the pleadings and other papers on file in this action, and such other matters as may be presented at the hearing on this Motion or prior to the Court's decision.

Dated:  October 26, 2009

BRIAN P. BROOKS
ELIZABETH LEMOND MCKEEN
JILLIAN B. ALLEN
O'MELVENY & MYERS LLP


By: /s/ Elizabeth Lemond McKeen
Elizabeth Lemond McKeen
Attorneys for Defendant
OCWEN LOAN SERVICING, LLC

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES .................................................... 1

INTRODUCTION ........................................................................................................ 1

ARGUMENT ............................................................................................................... 3

I.      PLAINTIFF HAS NOT STATED A CLAIM UNDER THE CFDCPA BECAUSE OCWEN'S STATEMENTS WERE CONSISTENT WITH ITS RIGHT TO REQUEST PAYMENT ON HER DEFAULTED LOAN AND WERE NOT FALSE, DECEPTIVE OR MISLEADING ........................................ 3

     A.    Ocwen Did Not Make Any False, Deceptive Or Misleading Representations In Violation of 15 U.S.C. § 1692e (Or Any Subsections Thereof) ..................................................................................... 5

          (1)   "Past Due Amounts DUE Immediately" ............................................ 5

          (2)   "Effective August 19, 2008 direct your payments to your new servicer, LCS Financial Services Corp" ............................................ 5

          (3)   "On or before August 01, 2008, you must submit payment by Money Gram … " ................................................................................. 6

          (4)   "Failure to bring your account current may result in our election to exercise our right to foreclose on your property …" ....... 8

          (5)   "In the event you have filed bankruptcy … this is not an attempt to assert that you have any personal liability for this debt." ................................................................................................ 9

     B.    Ocwen Did Not Employ Any Unfair Or Unconscionable Means To Collect Or Attempt To Collect The Debt .................................................. 10

CONCLUSION .......................................................................................................... 11

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Abels v. JBC Legal Group, P.C.*,
    428 F. Supp. 2d 1023 (N.D. Cal. 2005) ........................................................ 6

*Bailey v. Sec. Nat'l Servicing Corp.*,
    154 F.3d 384 (7th Cir. 1998) ......................................................................... 6

*Cruz v. MRC Receivables Corp.*,
    563 F. Supp. 2d 1092 (N.D. Cal. 2008) ........................................................ 5

*DeBerard Properties v. Lim*,
    20 Cal. 4th 659 (1999) ................................................................................... 7

*Dunlap v. Credit Protection Ass'n*,
    419 F.3d 1011 (9th Cir. 2005) ....................................................................... 4

*Freyermuth v. Credit Bureau Servs.*,
    248 F.3d 767 (8th Cir. 2001) ......................................................................... 6

*Frye v. Bowman*,
    193 F. Supp. 2d 1070 (S.D. Ind. 2002). ........................................................ 4

*Gonzalez v. Kay*,
    577 F.3d 600 (5th Cir. 2009) ......................................................................... 4

*Johnson v. AMO Recoveries*,
    427 F. Supp. 2d 953 (N.D. Cal. 2005) ........................................................ 10

*Palm v. Schilling*,
    199 Cal. App. 3d 63 (1988) ........................................................................... 7

*Reese v. Arrow Fin. Servs., LLC*,
    202 F.R.D. 83 (D. Conn. 2001) ...................................................................... 7

*Renick v. Dun & Bradstreet Receivable Mgmt. Serv's*,
    290 F.3d 1055 (9th Cir. 2002) ....................................................................... 5

*Schumacher v. Gaines*,
    18 Cal. App. 3d 994 (1971) ........................................................................... 8

*Walcker v. SN Commercial, LLC*,
    286 Fed. Appx. 455, 2008 WL 2906649 (9th Cir. July 28, 2008)................... 6

*Wallace v. Capital One Bank*,
    168 F. Supp. 2d 526 (D. Md. 2001) ............................................................... 7

*White v. Goodman*,
    200 F.3d 1016 (7th Cir. 2000) ....................................................................... 5

**STATUTES**

15 U.S.C. § 1692 ................................................................................................ 3

15 U.S.C. § 1692b .............................................................................................. 4

15 U.S.C. § 1692e......................................................................................... 3, 4, 5, 10

15 U.S.C. § 1692f ......................................................................................... 3, 4, 10

15 U.S.C. § 1692f(1) .................................................................................... 10, 11

1

**TABLE OF AUTHORITIES**
**(continued)**

2

**Page**

3

15 U.S.C. § 1692f (2)-(4), (7), (8) ...................................................................... 10

4

15 U.S.C. § 1692j ................................................................................................ 4

Cal. Civ. Code § 580b ............................................................... 1, 5, 6, 7, 8, 11

5

Cal. Civ. Code § 1788 .......................................................................................... 1

6

Cal. Civ. Code § 1788.17 ..................................................................................... 4

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS C09-02843 TEH

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3

## <u>INTRODUCTION</u>

4

In her original pleading, plaintiff Mercedes Herrera alleged that

5 defendant Ocwen Loan Servicing, LLC ("Ocwen") violated California's Rosenthal

6 Fair Debt Collection Practices Act, Cal. Civil Code § 1788, *et seq*. (the

7 "CFDCPA") by requesting payment on a defaulted second mortgage loan following

8 a foreclosure as to the first lien.  Plaintiff claimed that California's anti-deficiency

9 statute, which provides that "no deficiency judgment shall lie in any event after a

10 sale of real property," *see* Cal. Civ. Code § 580b, simply erased her debt as to her

11 unpaid second mortgage and, therefore, that it was a false representation for Ocwen

12 to claim that she still owed this debt and ask that she repay it.  This Court rejected

13 plaintiff's argument, finding that it "rest[ed] in part on a conflation of the terms

14 'debt' and 'liability.'"  (September 9, 2009 Order at 9.)  The Court explained that

15 "the debt itself — and the debtor-creditor relationship — survive foreclosure under

16 section 580b." (*Id*. at 10.)  The Court held that "[s]ection 580b, by its own terms,

17 eliminates a creditor's ability to seek a deficiency judgment, but it does not

18 eliminate the underlying debt." (*Id*. at 11.)  "Had it sought to extinguish the debt

19 entirely, the California legislature could have said as much; by the explicit terms of

20 the statute, section 580b only bars deficiency judgments." (Order at 6.)  The Court

21 therefore dismissed plaintiff's complaint, stating that "the claim that section 580b

22 erases the debt, barring Ocwen from seeking payment in any manner, must fail as a

23 matter of law." (*Id*.)

24

Plaintiff has now filed an amended complaint, but her theory of

25 liability still depends upon an overbroad interpretation of Section 580b that is at

26 odds with this Court's previous ruling.  Plaintiff now identifies five statements by

27 Ocwen that she contends violated the CFDCPA:

28

(1)     "Past Due Amounts DUE Immediately"

(2)    "Effective August 19, 2008 direct your payments to your new servicer, LCS Financial Services Corp."

(3)    "On or before August 01, 2008, you must submit payment by Money Gram, Bank Check, Money Order or Certified Funds for the entire total due amount stated above to the appropriate address listed at the bottom of page two of this notice.  Any payment(s) that become due in the interim must also be included."

(4)    "Failure to bring your account current may result in our election to exercise our right to foreclose on your property.  Upon acceleration, your total obligation will be immediately due and payable without further demand.   In foreclosure proceedings, we are entitled to collect your total arrearage in addition to any expenses of foreclosures, including but not limited to reasonable attorney's fees and costs."

(5)    "In the event you have filed bankruptcy … this is not an attempt to assert that you have any personal liability for this debt."

(Am. Compl. ¶¶ 14-18.)

Plaintiff contends that these statements violated the CFDCPA for a handful of reasons.  She claims that these statements implied that payment was "mandatory, rather than voluntary."  (*Id*. at ¶ 17(c).)  She also claims that because Ocwen did not affirmatively disclose to her that it was statutorily barred from obtaining a deficiency judgment against her, the communications "implied that legal consequences could follow" if the balance was not paid.  (*Id*. at ¶ 16(a); 17(a); 18(a).)  Plaintiff further contends that the statement regarding foreclosure implied that Ocwen "would foreclose on her property … when this was not possible."  (*Id*. at ¶ 16(d).)   She alleges that the statement regarding bankruptcy implies that individuals who had not filed bankruptcy would be held personally liable for the debt (in contrast with those who had filed bankruptcy).  (*Id*. at ¶ 16(c).)  She also claims that, because Ocwen sent her an account statement following the foreclosure that appeared similar to one that it sent her prior to the foreclosure, these two communications together "suggest[ed] that the legal nature of Ms. Herrera's debt was unaffected by the foreclosure."  (*Id*. at ¶ 17.)  Plaintiff claims that, for these

1    reasons, the communications Ocwen sent her constituted "false, deceptive or

2    misleading representation[s]" and an "unfair or unconscionable means" of

3    collecting her debt, in violation of the CFDCPA.  (Am. Compl. ¶ 34, 38(a); 15

4    U.S.C. § 1692e, 1692f.)

5            But plaintiff's new allegations fare no better than those this Court has

6    already dismissed.  None of the statements plaintiff has identified is false, deceptive

7    or misleading.  Rather, they are consistent with Ocwen's right to request repayment

8    of her admittedly defaulted loan, which this Court has recognized.  Plaintiff does

9    not allege (nor can she) that Ocwen sought a deficiency judgment or threatened to

10   seek such a judgment against her.  If anything, her allegations concerning Ocwen's

11   statements about foreclosure confirm that Ocwen intended to look to the security

12   interest in the property to satisfy any amounts outstanding — and did not threaten

13   to sue Ms. Herrera personally for the unpaid debt.  Plaintiff's grievance appears to

14   be as it was before — that Ocwen asked her to repay her defaulted second

15   mortgage, notwithstanding the foreclosure as to the first mortgage.  However, given

16   that this Court has already ruled that Ocwen had the right to request payment,

17   nothing about the particular statements she has identified can fairly be considered

18   false, deceptive or misleading, even when viewed from the perspective of the "least

19   sophisticated consumer."  Plaintiff is grasping at straws.  Accordingly, Ocwen

20   hereby requests that the Court dismiss plaintiff's CFDCPA claim against it with

21   prejudice.

22                        **ARGUMENT**

23   **I.    PLAINTIFF HAS NOT STATED A CLAIM UNDER THE CFDCPA
24          BECAUSE OCWEN'S STATEMENTS WERE CONSISTENT WITH
             ITS RIGHT TO REQUEST PAYMENT ON HER DEFAULTED LOAN
25          AND WERE NOT FALSE, DECEPTIVE OR MISLEADING.**

26           The CFDCPA incorporates various standards of the Federal Fair Debt

27   Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and provides

28   that those subject to the CFDCPA must also comply with the federal statute.

Specifically, California Civil Code § 1788.17 provides, in relevant part, that "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j [of the FDCPA]."  It is that section of the California statute that plaintiff claims Ocwen violated, along with particular incorporated sections of the federal statute.  (Am.  Compl. ¶ 38.)  Plaintiff complains that Ocwen's three written communications to her violated 15 U.S.C. § 1692e, which prohibits the use of "any false, deceptive or misleading representation or means" in connection with the collection of a debt (including falsely representing the "character, amount or legal status" of any debt), and 15 U.S.C. § 1692f, which prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt."  However, as set forth below, plaintiff's allegations are insufficient to state a claim against Ocwen for violating any of these statutory provisions.

While the governing standard in evaluating claims under the FDCPA is a "least sophisticated debtor" standard, *see Dunlap v. Credit Protection Ass'n*, 419 F.3d 1011, 1012 (9th Cir. 2005) (affirming dismissal of FDCPA claims because letter at issue would not mislead the least sophisticated debtor), "the court does not consider the debtor as tied to the very last rung on the intelligence or sophistication ladder."  *See Gonzalez v. Ka*y, 577 F.3d 600, 603 (5th Cir. 2009) (internal citations omitted).  A court must apply the standard in a way that both protects consumers and "protect[s] protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials."  *Id.* Under this standard, a statement cannot be deemed confusing or misleading unless a significant fraction of the population would be similarly misled.  *See Frye v. Bowman*, 193 F. Supp. 2d 1070, 1077 (S.D. Ind. 2002).  As one court in this district observed, quoting the Seventh Circuit:  "Any document can be misread.  The Act is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it. The Act protects the unsophisticated

debtor, but not the irrational one." *See Cruz v. MRC Receivables Corp*., 563 F. Supp. 2d 1092, 1096-97 (N.D. Cal. 2008) (quoting *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000)).

**A.   Ocwen Did Not Make Any False, Deceptive Or Misleading Representations In Violation of 15 U.S.C. § 1692e (Or Any Subsections Thereof).**

Under 15 U.S.C. § 1692(e), "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: "(2)(A) [t]he false representation of… the character, amount, or legal status of any debt [or] … (10) [t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

Here, none of the statements that plaintiff has identified is "false, deceptive or misleading," nor do they misrepresent the "character, amount, or legal status" of her debt.  Ocwen will address each of these statements in turn:

*(1)    "Past Due Amounts DUE Immediately"*

Nothing about this statement is false, particularly because this Court has already held that Section 580b did not eliminate her debt.  *See, e.g., Renick v. Dun & Bradstreet Receivable Mgmt. Serv's*, 290 F.3d 1055, 1057 (9th Cir. 2002) (statements "send your payment today" and "PROMPT PAYMENT IS REQUESTED" did not violate FDCPA; these statements were "in the nature of a request rather than a demand" and did not contradict the admonition that the debtor had 30 days to contest the validity of the debt).

*(2)    "Effective August 19, 2008 direct your payments to your new servicer, LCS Financial Services Corp"*

This statement is plainly accurate.  If Ocwen had the right to request payment on the defaulted loan, it also had the right to tell Ms. Herrera where to send that payment.  Nothing about this statement implies that Ocwen (or anyone

1   else) would threaten to seek a deficiency judgment against Ms. Herrera if she did

2   not make payment to LCS.  Rather, the statement simply informs her that the

3   servicing rights had been transferred.  *See, e.g., Walcker v. SN Commercial, LLC*,

4   286 Fed. Appx. 455, 2008 WL 2906649 (9th Cir. July 28, 2008) (letter informing

5   borrower that loan had been transferred was "informational" and was not a demand

6   for payment).  *See also Bailey v. Sec. Nat'l Servicing Corp.*, 154 F.3d 384, 388-389

7   (7th Cir. 1998) (letter containing information about status of account is not

8   communication "in connection with the collection of any debt" under FDCPA).

9   Accordingly, this statement cannot support plaintiff's claims under the CFDCPA.

10              (3)      ***"On or before August 01, 2008, you must submit payment by***

11                       ***Money Gram … "***

12          Plaintiff alleges that this statement implies payment is "mandatory,"

13   and that Ocwen violated the FDCPA by failing to affirmatively advise her that

14   Section 580b precluded Ocwen from obtaining a deficiency judgment against her.

15   First, read in context, the use of the word "must" relates to the methodology of

16   payment that should be used — *i.e.* you "must" pay by Money Gram or one of the

17   other specified means (and not by cash).  Because this Court has already ruled that

18   Ocwen had the right to request payment from Ms. Herrera, nothing about this

19   statement is inconsistent with that right.

20           As to her argument that this statement was misleading because Ocwen

21   should have affirmatively disclosed that it could not obtain a deficiency judgment

22   against her, courts have repeatedly held that a debt collector does not have the

23   obligation to disclose particular defenses that the debtor might have to avoid

24   payment on the debt.  For example, creditors are permitted to solicit the payment of

25   debts that would otherwise be time-barred.  *See, e.g., Abels v. JBC Legal Group,*

26   *P.C.*, 428 F. Supp. 2d 1023, 1027 (N.D. Cal. 2005) ("an attempt to collect on the

27   time-barred debts, standing alone, is not a violation of the federal FDCPA.");

28   *Freyermuth v. Credit Bureau Servs.*, 248 F.3d 767, 771 (8th Cir. 2001) ("no

- 6 -                          MOTION TO DISMISS C09-02843 TEH

1   violation of the FDCPA has occurred when a debt collector attempts to collect on a

2   potentially time-barred debt that is otherwise valid.").  Under the FDCPA, this

3   result obtains even if the creditor does not disclose to the debtor that the relevant

4   debt is time-barred.  *See Reese v. Arrow Fin. Servs., LLC*, 202 F.R.D. 83, 92 (D.

5   Conn. 2001) (finding that "[w]here debt collectors have not threatened collection

6   action, courts have not found Fair Debt Collection Practices Act (FDCPA)

7   violations based solely on the mailing of a collection letter that does not

8   affirmatively disclose that a debt is time barred or the consequences of making

9   payment or acknowledging the debt.").  "Unless it is alleged that a debt collector

10  has engaged in a course of conduct that tricks a debtor into waiving his legal right

11  to assert a limitations defense, no violation of the [FDCPA] occurs solely because a

12  debt validation notice silent on the time-bar issue is sent to the debtor."  *See*

13  *Wallace v. Capital One Bank*, 168 F. Supp. 2d 526, 528 (D. Md. 2001).

14         Here, plaintiff has not alleged any conduct by Ocwen that "tricked"

15  her into waiving her right to assert the defense available under Section 580b.

16  Accordingly, under the same reasoning used in the statute of limitations context,

17  Ocwen should not be liable under the FDCPA merely for failing to affirmatively

18  advise her that it may not be able to successfully sue for the debt (particularly

19  because it made no threat whatsoever to pursue litigation against Ms. Herrera).

20  Even if there are some differences between the protections of Section 580b and a

21  statute of limitations defense,[1] the relevant point for purposes of evaluating

22  plaintiff's present claims is that a creditor is permitted to seek payment of a debt

23

24  [1] In addressing the statute of limitations analogy in connection with Ocwen's original
    briefing, this Court noted that the statute of limitations is an affirmative defense that could
25  be waived by a debtor.  On the other hand, the Court cited *DeBerard Properties v. Lim*, 20
    Cal. 4th 659, 662 (1999) for the proposition that the protections of section 580b cannot be
26  waived.  However, *DeBerard* dealt with the issue of contractual waivers of section 580b
    (and concluded that they were not permissible).  In addressing the issue in the context of
27  an affirmative defense, the California Court of Appeals in *Palm v. Schilling*, 199 Cal.
    App. 3d 63, 67 fn. 3 (1988) expressly observed that "a debtor who fails to assert section
28  580b as an affirmative defense in an action by a purchase money mortgagee 'waives' its
    protection."  Accordingly, statute of limitations cases are fairly analogous in this context.

1   even in cases it may not be able to successfully pursue a personal judgment against

2   the debtor.  In such circumstances, courts find that the creditor is not required to

3   affirmatively disclose the existence of such procedural obstacles to the debtor.

4   Therefore, plaintiff's contention that Ocwen was obligated by the FDCPA to

5   expressly advise her of any defenses that she might have to the payment of her

6   admittedly defaulted loan finds no purchase in case law.  Additionally, Ocwen did

7   advise plaintiff that she had the ability to dispute the validity of the debt.  (Am.

8   Compl. Ex. A.)  While Ocwen could not have threatened to seek a deficiency

9   judgment against Ms. Herrera without running afoul of the FDCPA, it did not do so

10  and it is not alleged to have done so.

11          *(4)    "Failure to bring your account current may result in our*

12                  *election to exercise our right to foreclose on your property …"*

13          The statement that Ms. Herrera has identified as misleading regarding

14  a potential foreclosure undercuts her argument.  Plaintiff complains that Ocwen's

15  statement that "[f]ailure to bring your account current may result in our election to

16  exercise our right to foreclose on your property," was somehow deceptive or

17  misleading because foreclosure "was not possible."  But, if anything, this statement

18  is consistent with Section 580b, which requires Ocwen to look to the collateral to

19  satisfy any outstanding amounts, rather than pursuing them from Ms. Herrera

20  personally.  *See Schumacher v. Gaines*, 18 Cal. App. 3d 994, 999 (1971) (holder of

21  purchase money mortgage must "look solely to the security … and no personal

22  judgment may be recovered.").  It is disingenuous for plaintiff to claim that she was

23  deceived or misled by Ocwen's reference to foreclosure — not because she actually

24  feared a foreclosure, but because one had already happened with respect to the

25  more senior lien.  (Moreover, the statement in question said "may" not "will.")

26

27

28

1

2

3

> (5) ***"In the event you have filed bankruptcy … this is not an attempt to assert that you have any personal liability for this debt."***

4         Ms. Herrera also complains that the statement "[i]n the event you have

5 filed bankruptcy … this is not an attempt to assert that you have any personal

6 liability for this debt," was misleading because this statement "implies that

7 individuals who have not filed bankruptcy (such as Ms. Herrera) are personally

8 liable for the alleged debt." (Am. Compl. ¶ 16(c).) This tortured misreading need

9 not be credited by the Court. Nothing about what Ocwen advised borrowers who

10 have filed for bankruptcy can fairly support even an unsophisticated debtor's

11 assumption that the reverse must necessarily be true for those who have not filed

12 for bankruptcy. This is particularly so because the Notice of Default itself says "If

13 you have not recently filed bankruptcy … you are hereby notified that this letter is

14 an attempt to collect a debt." (*Id*. at Ex. A.) It does not say that the borrower is

15 personally liable nor does it say that Ocwen plans to sue the borrower for a

16 deficiency judgment.

17         Finally, plaintiff contends that Ocwen's July 17, 2008 Account

18 Statement violated the FDCPA because it was substantially identical to a pre-

19 foreclosure statement, thus "suggesting that the legal nature of Ms. Herrera's debt

20 was unaffected by the foreclosure." (*Id*. at ¶ 17.) Nothing about the statement

21 itself is false or misleading, particularly because the amounts listed as due are

22 correct and this Court has held that Ocwen had the right to seek payment of such

23 amounts notwithstanding the foreclosure. To adopt plaintiff's position would

24 require this Court to find, notwithstanding Ocwen's entitlement to seek payment,

25 that Ocwen should be liable for violations of the CFDPA for failing to affirmatively

26 advise Ms. Herrera as to the potential legal consequences of the foreclosure of her

27 first mortgage. However, as explained above, the law does not impose such an

28 obligation on Ocwen, nor should this Court.

Because plaintiff has not identified any statements that were false, deceptive or misleading, her claims under 15 U.S.C. § 1692e should be dismissed with prejudice.  *See Johnson v. AMO Recoveries*, 427 F. Supp. 2d 953 (N.D. Cal. 2005) (granting collection agency judgment on the pleading against debtor's FDCPA claims because letters from agency did not make objectively false statements).

**B.    Ocwen Did Not Employ Any Unfair Or Unconscionable Means To Collect Or Attempt To Collect The Debt.**

None of the communications identified in plaintiff's amended complaint can fairly be considered "unfair or unconscionable means" of attempting to collect a debt in violation of 15 U.S.C. § 1692f.  An examination of the non-exclusive list "unfair" or "unconscionable" practices set forth in Section 1692f reveals that this section of the statute is inapplicable here.  Various subsections include prohibitions on "communicating with a consumer … by postcard," "using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails," or engaging in various practices relating to post-dated checks. *See, e.g.*, 15 U.S.C. § 1692f (2)-(4), (7), (8). While these enumerated practices are not intended to be exclusive, they are illustrative and they demonstrate that this section does not apply here.

15 U.S.C. § 1692f(1), which prohibits "the collection of any amount … unless such amount is expressly authorized by the agreement creating the debt or permitted by law," is also inapplicable here.  Ocwen did not collect or attempt to collect any amounts that were not expressly authorized by the note that plaintiff executed in connection with her second mortgage (nor has plaintiff so alleged). The fact that Ocwen cannot obtain a deficiency judgment against plaintiff does not mean that the amount owing was not authorized by the agreement creating the debt. Accordingly, Ocwen's attempts to collect the outstanding balance, without more, do

1   not violate section 1692f(1).  Plaintiff's claims under this subsection should now be

2   dismissed with prejudice.

3                                    **<u>CONCLUSION</u>**

4                 Plaintiff's claims are predicated upon no more than an "ingenious

5   misreading" (or perhaps an intentional misreading) of statements that are not false

6   or deceptive in any respect.  She fails to point to any affirmative or express

7   statements by Ocwen that are misleading, particularly when viewed in their original

8   context.  Her original theory of the liability was that Section 580b "erased" her

9   debt.  This Court rejected that theory.  In its absence, plaintiff has identified no

10  other basis that would support a finding that Ocwen violated California's debt

11  collection statute.  Accordingly, Ocwen respectfully requests that the Court dismiss

12  plaintiff's claim against it with prejudice.

13

14          Dated:  October 26, 2009              BRIAN P. BROOKS
                                                  ELIZABETH LEMOND MCKEEN
15                                                JILLIAN B. ALLEN
                                                  O'MELVENY & MYERS LLP
16

17
                                                  By: /s/ Elizabeth Lemond McKeen
18                                                    Elizabeth Lemond McKeen
                                                  Attorneys for Defendant
19                                                OCWEN LOAN SERVICING, LLC

20

21

22

23

24

25

26

27

28

                                            - 11 -          MOTION TO DISMISS C09-02843 TEH