S

BRIAN P. BROOKS (S.B. #172151)
bbrooks@omm.com
ELIZABETH LEMOND McKEEN
(S.B. #216690) emckeen@omm.com
DANIELLE N. OAKLEY (S.B. #246295)
doakley@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 760-9600
Facsimile: (949) 823-6994

Attorneys for Defendant
OCWEN LOAN SERVICING, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

MERCEDES HERRERA,

Plaintiff,

v.

LCS FINANCIAL SERVICES CORPORATION and OCWEN LOAN SERVICING, LLC,

Defendants.

Case No. C09-02843 TEH

**DEFENDANT OCWEN LOAN SERVICING, LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS (NOS. 13-14)**

PROPOUNDING PARTY: PLAINTIFF MERCEDES HERRERA

RESPONDING PARTY: DEFENDANT OCWEN LOAN SERVICING, LLC

SET NO: ONE

Pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedure, defendant Ocwen Loan Servicing, LLC ("Ocwen") provides the following supplemental responses to Plaintiff's First Request for the Production of Documents ("Document Requests") as follows:

Exh. 5

## PRELIMINARY STATEMENT

Ocwen has made a diligent search and reasonable inquiry in an effort to respond to the Document Requests. However, discovery is continuing and Ocwen's investigation into the facts relating to this litigation is ongoing and incomplete. Accordingly, Ocwen responds to the Document Requests based on the information presently available to it and without prejudice to its right to amend or supplement its responses and to present evidence which may hereafter be discovered or become available to it.

Ocwen responds to each request, to the extent it has not been objected to, as Ocwen understands and interprets the request. If Plaintiff subsequently asserts an interpretation of any request which differs from that of Ocwen's, Ocwen reserves the right to supplement its objection and/or response.

To the extent that Ocwen responds to these Document Requests, it does not concede that the information requested is relevant to this action. Ocwen's responses are made without in any way intending to waive or waiving, but on the contrary, intending to preserve and preserving:

(a) The right to raise all questions of authenticity, foundation, relevancy, materiality, privilege and admissibility as evidence for any purpose of information identified in response to the Document Requests that may arise in any subsequent proceeding in, or the trial of, this or any other action;

(b) The right to object to the use of these responses in any subsequent proceeding in, or the trial of, this or any other action;

(c) The right to object to introduction into evidence of these responses; and

(d) The right to object on any ground at any time to other requests or other discovery involving the subject matter thereof.

## GENERAL OBJECTIONS

Ocwen incorporates the following General Objections, which are set forth as follows, into each and every objection and individualized response and into each and

every amendment, supplement or modification to these responses. Ocwen does not waive any General Objections in response to any specific request propounded.

1. Ocwen has assumed that in propounding the Document Requests, Plaintiff did not intend to seek information protected against discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege, immunity or limitation on discovery. To the extent the Document Requests, or any part thereof, are intended to elicit such documents or information, Ocwen objects thereto and asserts the privilege and protection to the fullest extent permitted by law.

2. Inadvertent production of any document subject to any applicable privilege or doctrine, including, but not limited to, the attorney-client privilege and work product doctrine, is not intended to be and shall not operate as, a waiver of any such privilege or doctrine, in whole or in part; nor is any such inadvertent production intended to be, nor shall it constitute, a waiver of the right to object to any use of such document, or of the information contained therein.

3. Ocwen objects to each and every request to the extent that it seeks information beyond the scope of discovery contemplated by the Federal Rules of Civil Procedure. Ocwen's responses to the Document Requests have been prepared according to the Federal Rules of Civil Procedure, pursuant to a reasonable and duly diligent investigation and search for responsive information and documents. To the extent these requests purport to require more, Ocwen objects because (i) the requests would exceed the scope of permissible discovery contemplated by the Federal Rules of Civil Procedure and (ii) compliance with the requests would be unduly burdensome, harassing, and oppressive.

4. Ocwen objects to each request to the extent that it is overly broad or unduly burdensome and would subject Ocwen to oppression, harassment, undue burden or expense.

5. Ocwen objects to each request to the extent that it seeks information which is neither relevant to the claim or defense of any party, nor relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

6.    Ocwen objects to each request to the extent that it is vague and ambiguous, or cumulative or duplicative of other requests, and would subject Ocwen to oppression, harassment, undue burden or expense.

7.    Ocwen objects to each request to the extent that it requires Ocwen to divulge information that may compromise the privacy of any Ocwen customers, including but not limited to information concerning the financial condition or financial profile of customers whose mortgage loans are serviced by Ocwen. Ocwen will not produce such information.

8.    Ocwen objects to each request to the extent it seeks Ocwen's business secrets, trade secrets, or other confidential business information; competitively or technically sensitive information; or information otherwise subject to confidentiality agreements with third parties.

9.    Ocwen objects to each request to the extent it seeks disclosure of information where such disclosure would violate any confidentiality agreements, the confidentiality of settlement discussions or agreements or court orders restricting the disclosure of information, or would result in the disclosure of confidential information, trade secrets, or proprietary information.

10.    Ocwen objects to each request to the extent they purport to impose a burden of producing documents which are not in Ocwen's possession, custody or control.

11.    Ocwen objects to each request to the extent that it seeks production of "all documents" responsive to the requested categories on the grounds that each request is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. Ocwen's responses have been prepared according to the Federal Rules of Civil Procedure, pursuant to a reasonable and duly diligent investigation and search for responsive information and documents. To the extent that these requests purport to require more, Ocwen objects because (i) the requests would exceed the scope of permissible discovery contemplated by the Federal Rules of Civil

Procedure and (ii) compliance with the requests would be unduly burdensome, harassing, and oppressive.

12. Ocwen objects to each request to the extent that it seeks production of documents that "relate to" the requested categories on the grounds that each such request is vague, overly broad, unduly burdensome and oppressive. Subject to this objection, Ocwen will produce documents that constitute or refer to the requested matters.

13. Ocwen objects to the "instructions" accompanying the requests in that they are not authorized by the Federal Rules of Civil Procedure. Ocwen's responses and any subsequent production of documents will conform to the Federal Rules of Civil Procedure, notwithstanding any purported instructions to the contrary.

14. By submitting these responses, Ocwen does not in any way adopt Plaintiff's purported definitions of words and phrases contained in the Document Requests. Ocwen objects to those definitions to the extent that they are inconsistent with either (i) the definitions set for by Ocwen in its responses or (ii) the ordinary and customary meaning of such words and phrases. Likewise, Ocwen objects to Plaintiff's definitions to the extent that they purport to impose upon Ocwen any obligation broader than, or inconsistent with, applicable discovery rules.

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 13:**

All documents and ESI that reflect borrowers contacting you regarding California Code of Civil Procedure § 580b since June 25, 2008, including the communications themselves.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Ocwen objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Ocwen further objects to this request to the extent it is not reasonably calculated to lead to the discovery of

admissible evidence, particularly in so far as other borrowers' communications with Ocwen, if any, regarding the statute, have no bearing on plaintiff's claims. Ocwen further objects to this request to the extent it is overbroad by failing to limit the "borrowers" described in the request to members of plaintiff's proposed putative class. Ocwen further objects to the request on the grounds that it is burdensome; Ocwen cannot search communications from individual borrowers without doing a loan-by-loan file review, and certainly cannot undertake such a review with respect to the literally hundreds of thousands of loans it services, particularly in light of the lack of relevance the requested communications have to plaintiff's claims.

Subject to and without waiving the foregoing objections, Ocwen will produce documents that reflect borrowers contacting Ocwen regarding California Code of Civil Procedure Section 580b since June 25, 2008 that Ocwen is able to locate through a reasonable search.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and ESI that reflect persons or entities other than borrowers contacting you regarding California Code of Civil Procedure § 580b since June 25, 2008, including the communications themselves.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14**:

Ocwen objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Ocwen objects to this interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and that has no relevance to the claim or defense of any party, nor the subject matter of this litigation.

Subject to and without waiving the foregoing objections, Ocwen will produce documents that reflect entities other than borrowers contacting Ocwen regarding California Code of Civil Procedure Section 580b since June 25, 2008 that Ocwen is able to locate through a reasonable search.

Case3:09-cv-02843-TEH Document55-6 Filed06/26/10 Page7 of 9

Dated: May 21, 2010

BRIAN P. BROOKS
ELIZABETH LEMOND MCKEEN
DANIELLE N. OAKLEY
O'MELVENY & MYERS LLP

By: [signature]
Elizabeth Lemond McKeen
Attorneys for Defendant
OCWEN LOAN SERVICING, LLC

NB1:797313.1 - 7 - OCWEN'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION (SET 1) C09-02843 TEH

**PROOF OF SERVICE**

I, Cristina Marie Pappas, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 610 Newport Center Drive, 17th Floor, Newport Beach, California 92660-6429. On May 21, 2010, I served the within documents:

**DEFENDANT OCWEN LOAN SERVICING, LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS (NOS. 13-14)**

☐ by transmitting via facsimile machine the document(s) listed above to the fax number(s) set forth below on this date at approximately 4:23 PM. The outgoing facsimile machine telephone number in this office is (949) 823-6994. The facsimile machines used in this office create a transmission report for each outgoing facsimile transmitted. A copy of the transmission report(s) for the service of this document, properly issued by the facsimile machine(s) that transmitted this document and showing that such transmission was (transmissions were) completed without error, is attached hereto.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Newport Beach, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ by putting a true and correct copy thereof, together with an unsigned copy of this declaration, in a sealed envelope designated by the carrier, with delivery fees paid or provided for, for delivery the next business day to the person(s) listed above, and placing the envelope for collection today by the overnight courier in accordance with the firm's ordinary business practices. I am readily familiar with this firm's practice for collection and processing of overnight courier correspondence. In the ordinary course of business, such correspondence collected from me would be processed on the same day, with fees thereon fully prepaid, and deposited that day in a box or other facility regularly maintained by Federal Express, which is an express carrier.

☐ by putting a true and correct copy thereof, together with an unsigned copy of this declaration, in a sealed envelope, with Express Mail postage fully prepaid to the person(s) listed above, and placing the envelope for collection and mailing today with the United States Postal Service as an Express Mail item in accordance with the firm's ordinary business practices. I am readily familiar with this firm's practice for collection and processing of Express Mail correspondence for mailing with the United States Postal Service. In the ordinary course of business, Express Mail correspondence collected from me would be processed on the same day, with Express Mail postage thereon fully prepaid, and placed for deposit that day with the United States Postal Service by depositing it that same day in a post office, mailbox, subpost office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service for receipt of Express Mail.

☐ by causing the document(s) to be emailed or electronically transmitted to the person(s) at the email addresses set forth below, pursuant to a court order or an agreement of the parties to accept service by email or electronic transmission. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Christopher Brancart, Esq.
Brancart & Brancart
8205 Pescadero Road
Loma Mar, California 94021

***(Served by Federal Express)***

Andrew M. Steinheimer
Mark Ewell Ellis
Kimberly Elizabeth Lewellen
Ellis, Coleman, Poirier, LaVoie & Steinheimer
555 University Avenue, Suite 200 East
Sacramento, CA 95825
(asteinheimer@ecplslaw.com)
(mellis@ecplslaw.com)
(klewellen@ecplslaw.com

***(Served by Federal Express)***

William Eric Kennedy
Law Office of William E. Kennedy
2797 Park Avenue, Suite 201
Santa Clara, CA 95050
(willkennedy@pacbell.net)

***(Served by Federal Express)***

Noah Zinner
Housing and Economic Rights Advocates
P.O. Box 29435
Oakland, CA 94604-0091
(nzinner@heraca.org)

***(Served by U.S. Mail)***

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 21, 2010, at Newport Beach, California.

Cristina M. Pappas
Cristina Marie Pappas