# BRANCART & BRANCART
## ATTORNEYS AT LAW

*Christopher Brancart*
*Elizabeth Brancart*
*Liza Cristol-Deman*

P.O. BOX 686
PESCADERO, CA 94060

*Telephone (650) 879-0141*
*Facsimile (650) 879-1103*
*www.brancart.com*

**Street Address**
**8205 Pescadero Road**
**Loma Mar, California 94021**

April 14, 2010

**Via Facsimile and Email**

Ms. Elizabeth L. McKeen
O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660

Re: *Herrera v. Ocwen, et al.*
Case No. 09-cv-02843 TEH

Dear Ms. McKeen:

Thank you for serving Ocwen's responses to plaintiff's first set of interrogatories and first set of requests for the production of documents. I have reviewed Ocwen's responses.

I write pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37-1(a) to request that we meet and confer in order to avoid a motion to compel further responses to the following discovery requests:

**Interrogatory 1:** This interrogatory seeks to identify the plaintiff class by asking Ocwen to identify loans like plaintiff's. Ocwen responds that it cannot determine which loans meet the criteria set forth in the interrogatory and objects on several grounds. I address these concerns in turn.

### (i)    Privilege

Ocwen objects that the interrogatory seeks information protected by the attorney-client and work product privileges. Without a privilege log, I cannot evaluate this objection. However, it is unlikely that all the information Ocwen has that is responsive to this interrogatory is covered by a privilege. Unprivileged information must still be produced.

Ms. Elizabeth L. McKeen
April 14, 2010
Page 2

### (ii)     Vagueness

Ocwen objects that the interrogatory is vague and ambiguous as to the phrase "collect on." This objection is well founded. I apologize for the ambiguity.

For this interrogatory, if Ocwen has made any affirmative effort to contact the debtor – sent a letter, made a phone call – it has "attempted...to collect on" the loan. It is not, however, necessary that Ocwen's attempts to contact the debtor be successful; so long as it attempts to make contact with the debtor it has "attempted ... to collect on" the loan.

The phrase was not meant to include loans that Ocwen acquired but where it did not make any effort to contact the debtor. So Ocwen has not "attempted... to collect on" a loan for purposes of this interrogatory if, for example, it acquires a loan and conducts an investigation to learn the debtor's whereabouts, but does not ultimately place any calls or send any letters.

### (iii)     Compound

Ocwen objects that the interrogatory is compound. This objection is not persuasive.

An interrogatory that specifies a category of persons or things and asks the responding party to identify each person or thing within the category in a particular way is not impermissibly compound; it seeks only information about one category of persons or things. Such interrogatories are common. For example, some interrogatories ask a party to identify witnesses by (a) their names, (b) their addresses, (c) their telephone numbers, and (d) the subject of their testimony. Plaintiff asked Ocwen several other interrogatories like this, to which it failed to raise this objection. *See* interrogatory nos. 8, 9, and 10.

### (iv)     Privacy

Ocwen objects on privacy grounds. I do not agree that this objection is appropriate in the context of this litigation, however, I believe that a stipulated protective order will address these concerns.

### (v)     Overbroad & Irrelevant

Ocwen objects that the interrogatory is overbroad and irrelevant to the extent it seeks payment histories. This information is highly relevant to plaintiff's claim that Ocwen has deceptively induced debtors to pay money that Ocwen could not have collected through a deficiency judgment. Debtors that paid Ocwen after their loans became subject to anti-deficiency laws are class members and those payments are recoverable. Accordingly, both the dates and amounts of payments are relevant.

Ms. Elizabeth L. McKeen
April 14, 2010
Page 3

**(vi)    Burden & Insufficient Knowledge**

Ocwen objects that the interrogatory is burdensome and states that it does not have the information necessary to determine which of its loans meet the criteria listed in the interrogatory. These two issues are related, so I address them jointly.

Whether Ocwen can answer this interrogatory, the extent to which it can provide a complete answer, and whether doing so will be burdensome all depend largely on what information Ocwen collects in its database and how easily loan records that meet a set of conditions can be exported from that database.

If Ocwen can export records from its database according to some, but not all, of the conditions in the interrogatory, then it must do so. Ocwen cannot refuse to provide any answer because it would be burdensome to provide a perfect answer. If Ocwen can use its database to quickly and easily identify some, but not all, the loans sought by the interrogatory it cannot withhold that information just because providing a more complete response (by comparing database records to data in documents that was not entered into the database, for example) would be burdensome. Nor can Ocwen withhold information about debtors that may be class members simply because it is unsure whether they are class members or not.

**Interrogatories 2 - 7:** These interrogatories, and Ocwen's objections to them, involve issues similar to those surrounding interrogatory no. 1, so there is no need to repeat those arguments. Plaintiff is entitled to the information sought by these interrogatories, and will include them as part of any motion to compel.

**Interrogatory 9:** This interrogatory seeks the identities and contact information for people "involved in creating" Ocwen's procedures in connection with California's anti-deficiency statute. Ocwen offers no responsive information and its objections are not persuasive.

**(i)    Privilege**

It is unclear how people's identities and contact information can be protected by the attorney-client or work product privileges. Any advice Ocwen's lawyers gave in connection with the creation of its procedures may be privileged, but the fact that the advice was given and the identities of the lawyer giving the advice is discoverable, if only in a privilege log.

**(ii)    Burdensome**

It is unclear from Ocwen's response how this interrogatory is burdensome. If it is because a large number of persons were involved in creating Ocwen's procedures, then Ocwen must still provide a response. The Advisory Committee Notes on the 1993 Amendments to Rule 33 make this duty clear. If providing all the requested information is burdensome, but producing some requested information is not, the responding party must answer to the extent that it will not be unduly burdened. Please supplement Ocwen's response accordingly.

Ms. Elizabeth L. McKeen
April 14, 2010
Page 4

### (iii)    Relevance

Ocwen objects that the names and contact information of persons involved in creating its procedures are irrelevant.  Not so.  The identities and contact information of witnesses who may be deposed under Rule 30 are relevant if the witness can be expected to testify to information that either leads to relevant evidence or is itself relevant.

The people involved in creating Ocwen's procedures can probably speak to, among other things, whether Ocwen has a practice of seeking voluntary payment on mortgage loans subject to anti-deficiency laws, as suggested in its motions to dismiss. Their testimony, including the documents and other witnesses they may identify, may also speak to Ocwen's bona fide error defense.

Please supplement Ocwen's response to this interrogatory by identifying the names and contact information for all persons involved in creating Ocwen's procedures. We ask that Ocwen provide as much responsive information as it has readily available, and continue to supplement on a rolling basis as necessary.

**Interrogatory 10:** This interrogatory, like number 9, seeks the identities and contact information of witnesses; this time for witnesses with knowledge of Ocwen's affirmative defenses.  Ocwen responds that it will produce documents to support its affirmative defenses.  We appreciate any such production and look forward to receiving it, however, this answer is not responsive to the extent those documents do not identify the names and contact information of witnesses.

Plaintiff is entitled to know who has information relevant to Ocwen's defenses and, if she wishes, interview those witnesses informally or depose them under Rule 30 as appropriate.  Please supplement Ocwen's response accordingly.

**Interrogatories 11 and 12:** Interrogatory 11 asks Ocwen to identify under oath what words in its letters are meant to convey to debtors like the plaintiff that the letters only sought voluntary payment.  Interrogatory 12 asks Ocwen to identify any lawsuit where the words it identifies in response to number 11 were alleged to have violated a law.

Ocwen's objections to number 11 are not persuasive and its answer is not responsive.  If Ocwen contends that the letters sent to the plaintiff request voluntary payment then it must identify what language in the letters supports that contention. That the letters are misleading and untrue are separate issues.  Ocwen may limit its supplemental response to those letters that are of the same kind or from the same template as those sent to Ms. Herrera.

Ocwen provides no response to number 12 based on its non-response to number 11 and a relevance objection.  But the other lawsuits the plaintiff asks Ocwen to identify in this interrogatory are highly relevant.  These other lawsuits could show that Ocwen was on notice about how other debtors were misled by that language.  If Ocwen was put on notice, but did not change the language, that could be relevant to punitive damages.

Ms. Elizabeth L. McKeen
April 14, 2010
Page 5

**Request 5:**  This request for production seeks communications between Ocwen and LCS that relate to "Mercedes Herrera, including those that relate to her foreclosure, her loan, the assignment of her loan by [Ocwen] to LCS, and to this lawsuit."  Ocwen does not say that it will produce any documents in response to this request.  It objects that the request is overbroad, calls for irrelevant information, and is not calculated to lead to the discovery of admissible evidence.   None of these objections is persuasive, or sufficient to justify Ocwen's failure to produce responsive documents.

Communications between Ocwen and LCS about Ms. Herrera's loan and this lawsuit could show what the defendants knew that Ms. Herrera's loan was subject to an anti-deficiency law and, significantly, when they knew these things.

**Request 6:**  This request seeks contracts in place between Ocwen and LCS.  Ocwen does not say that it will produce any documents in response to this request.  It objects that any responsive documents have no bearing on this litigation.  Not so.  It is not unreasonable to assume that contracts or agreements between Ocwen and LCS would deal with anti-deficiency laws.

**Requests 13 and 14:**  These requests seek documents reflecting communications received by Ocwen from borrowers (13) and everyone who is not a borrower (14) about California's anti-deficiency statute.  Ocwen offers no responsive documents and objects on four grounds.  I address each in turn.

       **(i)**       **Privilege**

Communications sent by third parties, other than its lawyers, to Ocwen are not privileged.  Neither are Ocwen's replies.  Such documents should be produced.  To the extent that privileged documents responsive to this request do exist, please produce a privilege log.

       **(ii)**       **Relevance & Overbreadth**

Ocwen objects that these communications are irrelevant, not calculated to lead to admissible evidence, and that the requests are overbroad because they are not limited to potential class members.  Not so.

The potential relevance of all responsive communications, whether sent by a debtor, a third party, or by Ocwen, is huge.  Any letter sent by a debtor complaining that Ocwen is trying to collect a debt subject to an anti-deficiency statute identifies a potential class member or witness.  Any similar letter, whether sent by a debtor or a third party, shows that Ocwen was on notice of the anti-deficiency statute.  The number of those letters is probative of whether Ocwen's procedures, if any exist, to avoid attempting to collect protected deficiencies are inadequate.  Ocwen's reply communications are also probative.  When a debtor learns that Ocwen cannot force her to pay, and tells Ocwen so, what does Ocwen say and do?  Does it close the account or does it assign or sell the loan to a third-party debt collector? If it has collected money after the foreclosure, does it give that money back?

Ms. Elizabeth L. McKeen
April 14, 2010
Page 6

### (iii)   Burden

A burden objection only lies if the burden imposed by complying with the request outweighs the potential probative value of the discovery sought to a degree that forcing compliance would be an injustice. We feel that the value of this discovery is potentially huge, but are willing to work with Ocwen to minimize the burden and expense associated with complying with this request.

*   *   *

Please email at cbrancart@brancart.com to let me know when you will be available to meet and confer.

Sincerely yours,

Christopher Brancart

Enclosure
cc:    All counsel via fax only