UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mercedes Herrera,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LCS Financial Services Corporation, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C 09-2843 TEH  (JL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY (Docket #55)** |

**Introduction**

All discovery in this case has been referred by the district court (Hon. Thelton E. Henderson) pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72-1. Plaintiff's motion to compel further responses to discovery came on for hearing. William Kennedy of the Law Offices of William E. Kennedy, Santa Clara, appeared for Plaintiff. Edgar Martinez of O'Melveny and Myers LLP, Newport Beach, appeared for Defendant.

The Court carefully considered the moving and opposing pleadings and the arguments of counsel, and hereby grants the motion to compel further responses to discovery. Defendant shall respond to Plaintiff's Interrogatories 1 through 7, 9 and 10, and Document Requests 5, 6, 13, and 14 with Plaintiff's suggested measures to protect the privacy of the putative class members, within 90 days of issuance of this order. Defendant

shall follow Plaintiff's Proposed Process for Response to Interrogatories 1 through 7 in order to narrow the scope of discovery in this case. *See* Reply, PP. 6-7.

### Relevant Factual & Procedural History

Plaintiff Mercedes Herrera ("Plaintiff") alleges in her First Amended Class Action Complaint ("FAC"), filed on September 25, 2009, that Defendants Ocwen Loan Servicing, LLC ("Ocwen") and LCS Financial Services Corporation ("LCS") violated federal and state law in their efforts to collect the debt she incurred to purchase a home she subsequently lost in foreclosure. Specifically, Plaintiff alleges that the content of Defendants' communications with Plaintiff was misleading and unlawful because they suggested that payment was mandatory. Plaintiff further claims that Ocwen had an affirmative duty to disclose to her that it was statutorily barred from obtaining a deficiency judgment against her because the second mortgage, serviced by Ocwen, was subject to California's antideficiency statute, Code of Civil Procedure Section 580b.

Plaintiff alleges that she purchased a condominium in Fremont, California in 2005 with two home mortgage loans from New Century Mortgage Corporation, both of which were funded simultaneously as purchase money loans. *See* FAC, P. 3. Ocwen began servicing the second mortgage "[a]t some point." *Id.* Plaintiff fell behind on mortgage payments following an interest rate adjustment. A Notice of Default was recorded against her on February 4, 2008, and a Notice of Trustee Sale was recorded three months later. Plaintiff lost title by Trustee's Deed on June 19, 2008, through a non-judicial foreclosure by the first mortgage holder.

The FAC raises two causes of action. Plaintiff alleges in her first claim that LCS' collection efforts violated the federal Fair Debt Collection Practices Act ("federal FDCPA"), 15 U.S.C. § 1692 *et seq.* In her second cause of action, Plaintiff alleges that both Defendants violated California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 *et seq.*, which incorporates by reference the provisions of the federal FDCPA raised in her first claim.

Plaintiff brings this case as a putative class action, seeking to represent two classes.

The first consists of California residents meeting the following conditions: (1) person who obtained a loan subject to Section 580b; (2) the real property that secured the loan was sold in foreclosure; and (3) LCS tried to collect on that loan after the foreclosure in a manner that violated the federal FDCPA.

The second class consists of California residents meeting the following conditions: (1) person who obtained a loan subject to Section 580b; (2) the real property that secured the loan was sold in foreclosure; and (3) Ocwen tried to collect on that loan after the foreclosure in a manner that violated the federal FDCPA and therefore the Rosenthal Act. *See* FAC, PP. 6-7.

Plaintiff seeks damages, including return of all post-foreclosure amounts collected by Defendants from class members. Plaintiff also seeks statutory damages, attorney's fees and costs. Both parties have filed a jury demand.

**This Motion**

On June 26, 2010, Plaintiff filed a Motion to Compel Further Discovery Responses. This motion seeks to compel Defendant Ocwen to provide further responses to Plaintiff's Interrogatories 1 through 7, 9 and 10, and Document Requests 5, 6, 13, and 14. Counsel conferred via telephone on three occasions–April 19, and May 3 and 10, 2010, and also exchanged several letters in an effort to avoid or limit the need for this motion. *See* Declaration of Christopher Brancart ("Brancart Dec."), P. 2. In any additional discovery disputes in this case, counsel should follow Judge Larson's Standing Order to meet and confer by telephone since some counsel are located outside of the San Francisco Bay Area.

By this motion, Plaintiff seeks an order compelling Ocwen to identify potential class members (Interrogatories 1, 2); provide several categories of information about the potential class members (Interrogatories 1 - 7); identify employees who worked on its Section 580b compliance procedures (Interrogatory 9), and who have knowledge of Ocwen's affirmative defenses (Interrogatory 10); provide documents related to Plaintiff and

her loan, which was transferred between Ocwen and LCS (Request 5), and copies of whatever agreements govern the relationship between Ocwen and LCS (Request 6); and, provide all documents in its possession that are or relate to correspondence related to Section 580b from debtors (Request 13) and other persons (Request 14).

**Legal Argument**

Plaintiff argues that Interrogatories 1 through 7 seek relevant information regarding Section 580b covered loans, class members, and Ocwen's affirmative defenses. Furthermore, Plaintiff avers that Ocwen's objections based on undue burden should be rejected for three reasons. First, because Ocwen acknowledges that it possesses certain information needed to determine which of its loans are subject to Section 580b. Second, a company as well-resourced and technologically sophisticated as Ocwen is unlikely to be burdened by answering these interrogatories. And third, Ocwen cannot rely on a burden created by its own record-keeping system to defeat discovery. Plaintiff also argues that Ocwen has produced no evidence to suggest that answering these interrogatories would be a burden to it, especially since Plaintiff asserts that Ocwen became a wealthy company by "developing and refining industry-leading information technology systems that may enable it to generate the information sought here." *See* Motion to Compel, P. 10.

Plaintiff also argues that Ocwen's privacy objections to these interrogatories should be rejected on three grounds. First, the parties have stipulated and the Court has entered a protective order, which balances the rights of the parties, protecting Ocwen and its customers' interests in privacy and Plaintiff's need for the information sought. Plaintiff also states that if further protection is needed, Plaintiff is open to providing that protection. Second, potential class members, who may still be paying Ocwen under the mistaken impression that it could obtain deficiency judgments against them, might dispute Ocwen's assertion that they would rather keep their names, contact, and loan information private than obtain damages. Third, disclosure of name and contact information, and even social security numbers (which Plaintiff is not seeking), is not unusual in the class action context.

*See e.g., Belaire-West Landscape, Inc. v. Superior Court,* 149 Cal. App. 4th 554, 561-562 (2007); *Khalilpour v. CELLCO Partnership,* 2010 WL 1267749, 3 (N.D. Cal. 2010).

    Defendant argues that Plaintiff's Motion to compel Ocwen to provide further responses to Interrogatories 1 through 7 should be denied because each is predicated on Ocwen's ability to identify whether particular loans in its servicing portfolio are subject to Section 580b, an ability that Defendant argues it does not have. Ocwen argues that it would have to undertake a file-by-file review and even if it did, the search would not be likely to yield a completely accurate result because more than 13% of its California loan files do not even contain loan applications, which Ocwen argues are necessary to determine whether the loan is subject to Section 580b. Ocwen also argues that even if it could identify such loans, the interrogatories are overbroad, burdensome, seek highly sensitive and confidential financial information about third parties that is subject to federal and state privacy laws, and are irrelevant to the issue of class certification. *See* Opposition, P. 6. Defendant avers that personally identifiable financial information such as information a consumer provides on a loan application, account balance information, or payment history is subject to the privacy protections afforded under the Gramm-Leach-Bliley Act ("GLBA"). *See* Opposition, P. 12. Ocwen argues that the financial information Plaintiff demands is also subject to the privacy protections afforded under Article I, section 1 of the California constitution. *Id.* at P. 13.

    Ocwen also argues that the information Plaintiff seeks in response to Interrogatories 9 and 10 is overbroad and cumulative. With regard to Requests for Production 5 and 6, Defendant argues that no further response is required because Ocwen has agreed to conduct a good faith inquiry into any data fields that may have been transmitted between Ocwen and LCS in connection with the investor-owner's transfer of the loan to LCS. Finally, in response to Requests for Production 13 and 14, Ocwen avers that it has already produced documents that reflect borrowers or entities contacting Ocwen regarding Section 580b since June 25, 2008 that Ocwen could locate after a reasonable and diligent search. Therefore Ocwen argues that it has already provided full responses to Plaintiff's Requests

for Production 13 and 14.

## Legal Analysis

Plaintiff argues that Ocwen has failed to meet its burden to establish that the information sought would create an undue burden. The Declaration of Chomie Neil in support of Ocwen's Opposition states that there are 47,743 active California loan files, and claims that a file-by-file review is necessary to ascertain the information sought by Plaintiff. Plaintiff notes, however, that the 47,743 accounts appear to include all California accounts, even those in which payments are current. Ocwen does not discuss measures by which the number of files which need to be reviewed can be substantially narrowed. Interrogatories 1 through 7 only inquire about loans where there has been collection activity following foreclosure and therefore, there is no need to search the files of borrowers who are current on their loans. Furthermore, Ocwen fails to specify the estimated amount of time which would be necessary to search each file, thereby adding to the difficulty of assessing the merits of its burden objection. Plaintiff also suggests that Ocwen can narrow the amount of accounts needed to review by eliminating those borrowers whose loans are not in serious default. Plaintiff avers that Ocwen should at least be required to produce information related to those files with respect to the same form letter which was sent to Plaintiff ("Notice of Default"), which is only written to borrowers who are behind on their payments. Finally, Plaintiff argues that just because Ocwen does not have loan applications for 13% of its portfolio, that should not excuse it from providing information about the 87% it does have.

With regard to Ocwen's privacy objections, Plaintiff offers several suggestions to remedy such concerns. Plaintiff agrees that Ocwen can withhold the name of the borrower, since the name is the only information sought by the Interrogatories which would conceivably allow Plaintiff to locate the putative class members. Plaintiff notes that the Interrogatories did not request address, telephone, social security number, or any other identifying information. Plaintiff argues that these measures, in addition to the provisions of the protective order entered in this case on April 21, 2010, should address Ocwen's privacy

concerns. As Plaintiff argues, without any way to link the information to the borrower, the information does not compromise the privacy of the putative class members. Plaintiff further suggests that if the Court believes that providing the information sought is impermissible, Plaintiff alternatively seeks an order requiring Ocwen to provide aggregate totals instead. *See* Reply, PP. 5-6. Finally, Plaintiff offers a fairly comprehensive Proposed Process for Response to Interrogatories 1-7 that would allow Ocwen to narrow its search. *Id.* at PP. 6-7.

Plaintiff argues that Ocwen's responses to Interrogatories 9 and 10 are insufficient because Plaintiff is entitled to ascertain the actual identity of the individuals with first-hand knowledge of the facts and policies relevant to this case. Ocwen argues that it has agreed to designate corporate witnesses under Rule 30(b)(6) to testify about its policies, procedures, and affirmative defenses. However, Plaintiff notes that such designations are not substitutes for Ocwen's obligation to respond to Interrogatories 9 and 10.

With respect to Request for Production 5, Plaintiff requests that Ocwen amend its responses to disclose the information obtained from Ocwen's search as referenced in its Opposition. *See* Opposition, P. 15.

Plaintiff also argues that Ocwen should be required to disclose identifying information with respect to those individuals who have communicated with Ocwen concerning Section 580b (Requests for Production 13 and 14). Plaintiff cites to *Putnam v. Eli Lilly and Co.*, which states that the need to allow disclosure of private third party information is especially compelling in a class action "where the information to be disclosed concerns not disinterested third parties, but rather potential plaintiffs themselves." 508 F.Supp.2d 812, 814 (C.D. Cal. 2007). Alternatively, Plaintiff also suggests that Ocwen notify the borrowers whose identities are redacted that Plaintiff's counsel would like to speak to them about their experience, and provide Plaintiff's counsel's contact information. This step would protect any privacy interests of borrowers because borrowers would have the option of contacting, or not contacting, Plaintiff's counsel.

## Conclusion

For the above reasons, Plaintiff's motion to compel further responses to discovery is

1  GRANTED. Defendant shall respond to Plaintiff's Interrogatories 1 through 7, 9 and 10, and
2  Document Requests 5, 6, 13, and 14 with Plaintiff's suggested measures to protect the
3  privacy of the putative class members, within 30 days of issuance of this order. Defendant
4  shall follow Plaintiff's Proposed Process for Response to Interrogatories 1 through 7 in
5  order to narrow the scope of discovery in this case. *See* Reply, PP. 6-7.
6      IT IS SO ORDERED.
7  DATED: August 6, 2010

_____
JAMES LARSON
United States Magistrate Judge

G:\JLALL\CASES\CIV-REF\09-2843\C 09-2843 DISCOVERY ORDER.wpd