William E. Kennedy (CSB #158214)
LAW OFFICES OF WILLIAM E. KENNEDY
2797 Park Avenue, Suite 201
Santa Clara, California 95050
(408) 241-1000 phone
(408) 241-1500 fax
willkennedy@pacbell.net

Chris Brancart (CSB #128475)
BRANCART & BRANCART
P.O. Box 686
Pescadero, CA 94060
(650) 879-0141 phone
(650) 879-1103 fax
cbrancart@brancart.com

Noah Zinner (CSB # 247581)
HOUSING AND ECONOMICS RIGHTS
ADVOCATES
P.O. Box 29435
Oakland, California 94612
(510) 271-8443 phone
(510) 868-4521 fax
nzinner@heraca.org

Attorneys for Plaintiff Mercedes Herrera on behalf
of herself and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MERCEDES HERRERA,<br><br>        Plaintiff,<br><br>v.<br><br>LCS FINANCIAL SERVICES CORPORATION and OCWEN LOAN SERVICING, LLC,<br><br>        Defendant. | Case No. C09-02843 TEH<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT<br><br>DATE:  April 16, 2012<br>TIME:  10:00 a.m.<br>JUDGE: Hon. Thelton E. Henderson<br>Courtroom 2, 17th Floor |

       This case comes before the Court on the Motion of Plaintiff Mercedes Herrera, on behalf of herself and the class she represents, for an order granting preliminary approval of the class action Settlement Agreement between plaintiff and Defendant Ocwen Loan Servicing, LLC ("Ocwen"). The definitions in the Settlement Agreement are hereby incorporated as though fully

set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Settlement Agreement.

Having considered the matter, the joint motion, the proposed class settlement agreement and the declaration of counsel for the proposed class and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The parties have agreed to settle this Action upon the terms and conditions set forth in the Settlement Agreement, which has been filed with the Court. The Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate. Plaintiff and the Settlement Class Members, by and through their counsel, have investigated the facts and law relating to the matters alleged in the complaint, including extensive pretrial discovery, pretrial motions practice, legal research as to the sufficiency of the claims, and an evaluation of the risks associated with continued litigation, trial, and/or appeal. The settlement was reached as a result of arm's length negotiations between Settlement Class Counsel and counsel for Ocwen occurring before the Honorable Randall J. Newsome (Ret.) of JAMS. The settlement confers substantial benefits upon the Settlement Class, particularly in light of the damages that Plaintiff and Settlement Class Members and Class Counsel believe are potentially recoverable or provable at trial, without the costs, uncertainties, delays, and other risks associated with continued litigation, trial, and/or appeal.

2. The Court conditionally certifies, for settlement purposes only: a class comprising "all individuals who held a mortgage loan serviced by Ocwen secured by real property in California subject to Cal. Code of Civ. Proc. Section 580b, (i.e. the loan was (a) a purchase money loan for the purchase of a dwelling for not more than four families, and (b) for property which was owner-occupied), as to which the real property which secured the loan was sold in foreclosure; and after foreclosure, Defendant Ocwen sent either a Notice of Default, an Monthly Billing Statement, or a Service-Transfer Letter (i.e. those letters attached as Exhibits A, B and D to the First Amended Complaint) after June 25, 2008, and before January 17, 2012." The Settlement Class shall exclude all individuals who have waived relevant claims against Ocwen pursuant to Multi District Litigation styled as *In Re Ocwen Federal Bank, FSB Mortgage*

1  *Servicing Litigation*, Case No. 04CV2714.

2      3.    The Settlement Class will consist of four Subclasses:

- Subclass A: Class members who were sent a Notice of Default (regardless of whether they also were sent a Monthly Billing Statement and/or a Service-Transfer Letter) after the property securing their Ocwen-serviced mortgage loan was sold at a foreclosure sale. (Ocwen's records indicate that there are approximately 363 individuals.)

- Subclass B: Class members who were sent a Monthly Billing Statement (but who were not also sent a Notice of Default, and regardless of whether they also received a Service-Transfer Letter) after the property securing their Ocwen-serviced mortgage loan was sold at a foreclosure sale. (Ocwen's records indicate that there are approximately 3907 individuals.)

- Subclass C: Class members who were sent a Service-Transfer Letter only (and who were not sent a Notice of Default or a Monthly Billing Statement) after the property securing their Ocwen-serviced mortgage loan was sold at a foreclosure sale. (Ocwen's records indicate that there are approximately 776 individuals.)

- Subclass D: Class members who were sent any one of the three aforementioned communications and who submitted funds to Ocwen post-dating: 1) the foreclosure sale of the property securing the mortgage loan serviced by Ocwen and 2) receipt of any of the three communications above.

    4.    The Court conditionally finds, for settlement purposes only and conditioned upon the entry of this Order and the Final Order and Judgment, and the Final Approval date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of

1  the Settlement Class they seek to represent for purposes of settlement; (d) the Plaintiffs have
2  fairly and adequately represented the interests of the Settlement Class and will continue to do so,
3  and the Plaintiffs have retained experienced counsel to represent them; (e) for purposes of
4  settlement, the questions of law and fact common to the Settlement Class Members predominate
5  over any questions affecting any individual Settlement Class Member; and (f) for purposes of
6  settlement, a class action is superior to the other available methods for the fair and efficient
7  adjudication of the controversy. The Court also concludes that, because this Action is being
8  settled rather than litigated, the Court need not consider manageability issues that might be
9  presented by the trial of a nationwide class action involving the issues in this case. *See Amchem*
10 *Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In making these findings, the Court has
11 exercised its discretion in conditionally certifying the Settlement Class on a nationwide basis. *See*
12 *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

13    5.    The Court approves, as to form and content, the Class Notice attached to the
14 Settlement Agreement as Exhibit A, and the opt-out form attached as Exhibit B. As soon as
15 possible after the entry of this Order, but not later than forty-five (45) days after the entry of this
16 Order, the Class Administrator will provide notice to the Settlement Class as provided in the
17 Settlement Agreement. The Court finds that the class Notice is reasonable, that it constitutes due,
18 adequate, and sufficient notice to all persons entitled to receive notice, and that it meets the
19 requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. Specifically,
20 the Court finds that the manner of dissemination of the Notice complies with Rule 23(e) of the
21 Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to those
22 Settlement Class Members who would be bound by the settlement. The Court also finds that the
23 manner of dissemination of the Notice complies with Rule 23(c)(2), as it is also the best
24 practicable notice under the circumstances, provides individual notice to all Settlement Class
25 Members who can be identified through a reasonable effort, and is reasonably calculated, under
26 all the circumstances, to apprise the members of the Settlement Class of the pendency of this
27 Action, the terms of the settlement, and their right to object to the settlement or exclude
28 themselves from the Settlement Class. *See, e.g., Farinella v. PayPal, Inc.*, 611 F. Supp. 2d 250,

256-57 (E.D.N.Y. 2009) (court approved plan disseminating notice by email, internet posting, and publication); *In re Grand Theft Auto Video Game Consumer Litig.*, 251 F.R.D. 139, 145 (S.D.N.Y. 2008) (same); see also Todd v. Retail Concepts, Inc., No. 07-0788, 2008 WL 3981593, at *2 (M.D. Tenn. Aug. 22, 2008) (court approved plan disseminating notice by email, in-store posting, and website posting).

6. Any Settlement Class Member may object to the proposed settlement contained in the Settlement Agreement, the certification of the Settlement Class, the proposed settlement contained in this Settlement Agreement, the entry of the Final Order and Judgment, the amount of fees requested by Class Counsel, and/or the amount of the incentive awards requested by the named Plaintiff. Any Settlement Class Member may object to the Settlement by filing with the Court and serving on Counsel and on the Class Administrator either a written statement objecting to this settlement, or a written notice of intention to appear at the Final Approval Hearing and object. Such written statement must be served no later than fifteen (15) calendar days before the Final Approval Hearing (the "Objection/Exclusion Deadline Date").

7. Any person falling within the definition of the Settlement Class may, upon request, be excluded from the settlement by following those instructions set forth in the class notice. All persons who timely submit properly completed requests for exclusion shall have no rights under the settlement agreement and shall not share in the benefits of the Settlement Agreement and shall not be bound by the Settlement Agreement.

8. The Court designates plaintiff Mercedes Herrera as the representative of the Settlement Class.

9. The Court designates Epiq Systems as Class Administrator.

10. Class Counsel shall file their Fee Application on or before 07/02/2012.

11. Papers in support of final approval of the Settlement Agreement, in response to objections to the Settlement Agreement, and/or the Fee Application shall be filed with the Court on or before 08/06/2012.

12. The dates of performance contained herein may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class.

- 5 -  [PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

13. If the Settlement Agreement does not receive Final Approval, then the Settlement Agreement shall become null and void.

14. The Final Fairness Hearing will be conducted in Courtroom 2, 17th Floor of the U.S. District Court for the Northern District of California, located at 450 Golden Gate Ave, San Francisco, CA on September 10, 2012, at 10:00 a.m.

15. Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice, and other exhibits that they jointly agree are reasonable or necessary.

IT IS SO ORDERED.

Date: 04/24/2012



_____
Honorable
United S
Judge Thelton E. Henderson