William E. Kennedy (CSB #158214)
LAW OFFICES OF WILLIAM E. KENNEDY
2797 Park Avenue, Suite 201
Santa Clara, California  95050
(408) 241-1000 phone
(408) 241-1500 fax
willkennedy@pacbell.net

Chris Brancart (CSB #128475)
BRANCART & BRANCART
P.O. Box 686
Pescadero, CA 94060
(650) 879-0141 phone
(650) 879-1103 fax
cbrancart@brancart.com

Noah Zinner (CSB # 247581)
HOUSING AND ECONOMICS RIGHTS ADVOCATES
P.O. Box 29435
Oakland, California  94612
(510) 271-8443 phone
(510) 868-4521 fax
nzinner@heraca.org

Attorneys for Plaintiff Mercedes Herrera on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MERCEDES HERRERA,<br><br>  Plaintiff,<br><br>v.<br><br>LCS FINANCIAL SERVICES CORPORATION and OCWEN LOAN SERVICING, LLC,<br><br>  Defendants. | Case No.:  C09-02843 TEH<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND JUDGMENT**<br><br>**DATE:** September 10, 2012<br>**TIME:** 10:00 a.m.<br>**JUDGE:** Hon. Thelton E. Henderson |

WHEREAS, plaintiff Mercedes Herrera, on behalf of herself and the class she represents, has moved with the assent of defendant Ocwen Loan Servicing, LLC ("Ocwen") pursuant to Federal rule of Civil Procedure 23(3), for an order granting final approval of the Class Action Settlement Agreement between plaintiff and Ocwen ("Settlement Agreement");[1] and

WHEREAS, the Court preliminarily approved the Settlement Agreement by Order Granting Plaintiff's Motion for Preliminary Approval of Class Settlement dated April 24, 2012 (and filed April 25, 2012 as docket number 149) ("Preliminary Approval Order") and approved the form, content, and method of notice proposed by the parties; and

WHEREAS, notice was thereafter given to members of the Settlement Class pursuant to the terms of the Preliminary Approval Order; and

WHEREAS, the Court has read and considered the papers filed in support of the motion for final approval of class settlement ("Final Approval Motion"), including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the plaintiffs, the Settlement Class, and Ocwen, together with supporting declarations, and any objections or other written comments submitted to the Court by class members, together with the response of the parties thereto; and

WHEREAS, the Court held a Final Fairness Hearing on September 10, 2012, at which time the parties and all other interested persons were heard in support of and in opposition to the proposed settlement; and

WHEREAS, based on the papers filed with the Court and the presentations made to the Court by the parties and by other interested persons at the hearing, the Court finds that the Settlement Agreement is fair, reasonable, and adequate.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     The Court approves the settlement of this Action in accordance with the terms of the Settlement Agreement (attached hereto as Exhibit 1), and having considered the matters required under

---

[1] Unless defined herein, capitalized terms herein shall have the same meaning as in the Settlement Agreement.

- 2 -

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND JUDGMENT

applicable law, finds that the Settlement is in all respects, fair, reasonable and adequate to the class, especially in light of the relative strength of plaintiffs' case compared to the substantial benefits of Ocwen's settlement offer to the settlement class; the likely complexity, length, and expense of further litigation; the minimal opposition to the Settlement; the opinion of competent counsel in favor of the Settlement, who are experienced in class action litigation including mortgage servicing class actions; and the advanced stage of the proceedings and the extensive discovery completed at the time of settlement. The court's approval of the settlement is also supported by its finding that the settlement negotiations were conducted at arms-length and in good faith among counsel for plaintiff and defendant and that the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied with respect to this class settlement.

2. The Court has determined that the notice of the Settlement given to those members of the Class was adequate notice under the circumstances, and included individual notice to all members of the Class who could be identified through reasonable efforts. The notice provided due and adequate notice of those proceedings and of the matters set forth in the proposed settlement to the Class. The notice fully satisfied the requirements of the Rule 23(e) of the Federal Rules of Civil Procedure, the requirements of due process, and the Preliminary Approval Order of this Court.

3. The Members of the Settlement Class that have filed timely requests for exclusion are not bound by this Judgment. Settlement Class Members who have duly and timely requested such exclusion may only pursue their own individual remedies, if any, as allowed by law. The Members of the Settlement Class who did not timely request exclusion are bound by this Order and Judgment, and by the Settlement Agreement, including the releases provided for in this Order and Judgment, and pursuant to the Settlement Agreement.

4. As of the date of this Order and Judgment, Representative Plaintiff and Settlement Class Members who do not opt out of this settlement are conclusively deemed to have fully and finally released, relinquished, and discharged Ocwen, its successors, predecessors, assigns, parent corporations, subsidiaries, affiliated companies, and all of their respective present and former employees, officers, directors, agents, attorneys, members, stockholders, divisions, subrogees, insurers,

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND JUDGMENT

and partners (the "Released Parties"), from any and all claims, known and unknown, arising under California or other state law or federal statute, ordinance, regulation, common law, or other source of law, whether or not such claims are in the nature of damages, penalties, attorneys' fees and/or injunctive relief, whether in contract, tort, or pursuant to a statutory remedy, including, without limitation, any claims for attorneys' fees, costs of prosecution, and the like, against Ocwen (including, without being limited to, claims arising under the Rosenthal Fair Debt Collection Practices Act, Civil Code section 1788 *et seq.* or the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq.*), claims relating to any of the Notices of Default, Monthly Billing Statements, or Service-Transfer letters, or substantially similar correspondence, that are the subject of this action that were allegedly sent to Settlement Class Members by Ocwen, or other alleged attempts to collect debts subject to anti-deficiency laws. This release shall not affect any claims against LCS Financial Services Corporation or any other debt collector. The released claims shall be referred to as the "Class Members' Released Claims."

   5. With respect to Class Members' Released Claims, the Representative Plaintiff and the Settlement Class Members are conclusively deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code (to the extent it is applicable, or any other similar provision under federal, state or local law to the extent an such provision is applicable), which is quoted below:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR**

Thus, subject to and in accordance with the provisions of the Settlement Agreement, and pursuant to this Order and Judgment, even if the Representative Plaintiff and/or Settlement Class Members may discover facts in addition to or different from those which they now know or believe to be true with

respect to the subject matter of the Class Members' Released Claims and/or Representative Plaintiff's Released Claims, the Representative Plaintiff and each Class Member, upon the Final Approval Date, is conclusively deemed to have fully, finally, and forever settled and released any and all of each Representative Plaintiff's Released Claims and the Class Members' Released Claims. This is true whether such claims are known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

6. The parties to the Settlement Agreement are ordered to perform their obligations thereunder.

7. Cash payments are to be made consistent with the terms of the Settlement Agreement. In particular:

    a) Through the class administrator Epiq Systems, Ocwen shall distribute the monetary relief under the Settlement Agreement ($300,000.00) (the "Class Settlement Funds"), consistent with the terms of the Settlement Agreement, to members of Subclasses A, B, and C within 45 days of Final Approval. In addition, Ocwen shall reimburse the two members of Subclass D consistent with the terms of the Settlement Agreement.

    b) Pursuant to the Settlement Agreement, if any portion of the Class Settlement Funds cannot be distributed to Settlement Class Members and/or checks are not cashed, the remaining amount will be used as *cy pres* and will be distributed in the following percentages to the following non-profit organizations: (1) Katherine & George Alexander Law Center (50%); (2) East Bay Community Law Center (50%).

    c) Pursuant to the Settlement Agreement, and as approved by this Court, Ocwen shall pay Mercedes Herrera a total of $7,000 on or before the Distribution Date.

    d) The Court approves the portion of this amount ($6,000) that is provided as an incentive award and in recognition of plaintiff Herrera's service as class representative.

    e) Pursuant to the Settlement Agreement, and as approved by this Court, Ocwen shall pay attorneys' fees and costs in the amount of $196,500 on the Distribution Date through a check payable to "William E. Kennedy Trust Account" and delivered to the Law Office of William E. Kennedy. Once such funds are paid by Ocwen, the funds are to be distributed to plaintiff's counsel by William E. Kennedy, and Ocwen shall have no further obligations and shall not be liable with respect to any matters arising from the distribution of such funds to plaintiff's counsel.

8. Pursuant to the Settlement Agreement, within 60 days of Final Approval, Ocwen shall include among its written training materials a statement of its policy to cease outgoing communications, except those required by law, with borrowers whose second-lien loans Ocwen services after the property securing the loan has been foreclosed by the holder of the first-lien mortgage. Ocwen shall provide class counsel with a copy of revised employee training materials reflecting Ocwen's policy of cessation of collection efforts on second-lien loans on properties on which the holder of the first lien has foreclosed when those second-lien loans are subject to Section 580b of the California Code of Civil Procedure. Nothing in this Order and Judgment, or in the Settlement Agreement, shall preclude Ocwen from sending or initiating communications with borrowers that Ocwen is legally obligated to send or initiate including, but not limited to, communications Ocwen is obligated to send under the Real Estate Settlement Procedures Act, 12 U.S.C. sections 2601 *et seq.* Nor shall anything in this Order and Judgment, or in the Settlement Agreement, be deemed to impose upon Ocwen any obligations with respect to the conduct of third-

- 6 -

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND JUDGMENT

party servicers to which loan investors may transfer servicing rights of loans formerly serviced by Ocwen.

9. Ocwen shall be responsible for and will pay the costs of the Class Administrator for the Class Administrator's performance of its services pursuant to the Settlement Agreement

10. This Action is dismissed with prejudice as to Ocwen and this dismissal shall be without costs to any party, except as otherwise provided herein and in the Settlement Agreement.

11. This Order and Judgment is not a finding or a determination of any wrongdoing by Ocwen.

12. The Court adjudges that the Representative Plaintiff and all Settlement Class Members shall be bound by this Order and Judgment.

13. Without affecting the finality of this Order and Judgment in any way, the Court shall retain jurisdiction of this case to enforce the terms of this Order, including, if required, to interpret the terms of the Settlement Agreement.

IT IS SO ORDERED.

Date: _____

_____
Honorable Thelton E. Henderson
United States District Court Judge

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND JUDGMENT